## In re ENERGY RESOURCES CO., INC., Debtor.

### Bankruptcy Appeal No. 86–997–Mc.

United States District Court, D. Massachusetts.

Aug. 4, 1987.

Guy B. Moss, Widett, Slater & Goldman, P.C., Boston, Mass., David B. Gold, A Professional Law Corp., David B. Gold, George Donaldson, San Francisco, Cal., for plaintiffs.

Milberg, Weiss, Bershad, Specthrie & Lerach, Leonard B. Simon, Eugene Mikolajczyk, San Diego, Cal., Bernstein Litowitz Berger & Grossmann, Paul M. Bernstein, Jeffrey A. Klafter, Lowey Dannenberg & Knapp, P.C., Stephen Lowey, Burton L. Knapp, New York City, Gross & Sklar, P.C., Bernard M. Gross, Eugene A. Spector, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

In this appeal, Nucorp Energy, Inc. is the appellant. Energy Resources Co., Inc. is the appellee. The matter was scheduled to be heard on oral argument on June 1, 1987. Instead, the matter was submitted on briefs and on the written record filed by the parties.

The appeal is concerned with an Order entered January 29, 1986 by Bankruptcy Judge James N. Gabriel. A voluntary petition under Chapter 11 was filed by Energy Resources Co., Inc. on January 17, 1983. On September 8th of that year, a Proof of Claim was filed on behalf of "Purchasers of Securities of Nucorp Energy Inc.". The Proof related to alleged liability in connection with a class action proceeding. Energy Resources filed an objection on November 27, 1985 to the class Proof of Claim. The Proof had been executed by Attorney William S. Lerach. The order to show cause why the claim should not be disallowed was entered December 2, 1985 and served upon Mr. Lerach's firm. The order required that an answer be served upon Energy Resources' counsel and filed with the Court on or before January 6, 1986. The answer was mailed on January 6, 1986. It was not received by counsel for Energy Resources or by the Court on time.

A hearing was conducted by Judge Gabriel on January 9, 1986. Reason for noncompliance with the time limitations set by Judge Gabriel was, according to appellants, "the result of the unanticipated absence of counsel's secretary on Saturday, January 4, 1986, the date counsel intended to forward the Answer to Boston for filing on January 6th". Appellant continues at page 8 of the reply brief: "These circumstances constitute excusable neglect." Judge Gabriel stated that unless Mr. Lerach's firm proved that it received the order to show cause after December 31, 1985, the late filing would not be excused.

The appellee is undoubtedly correct in its contention that the neglect here was by no means excusable. Apparently counsel, on the business day before a document was due in Boston, found himself without a secretary to prepare that paper. This was the last business day, weeks after the order to show cause was served. These cannot be classified as "circumstances which were beyond the reasonable control of the person whose duty it was to perform". *In re South Atlantic Financial Corp.*, CCH Bankr.L.Reptr., para. 70,680, 767 F.2d 814 (11th Cir.1985) at page 87,486. Counsel for appellant concedes in his reply brief at page 8 that he intended to forward the answer to Boston on January 4th for filing on January 6th. The problem of late filing could have been avoided by the exercise of reasonable diligence. The finding of the bankruptcy judge was not "clearly erroneous".

In the light of the foregoing, I do not reach the question of the allowability of the claimant's proof of claim. On the other hand, the appellant has argued that the debtor failed to demonstrate any prejudice whatsoever by virtue of the late filing of the Answer. There would undoubtedly be

prejudice to those creditors who complied with the requirement of timely filing. The appellant characterizes the situation as follows: "The best the Debtor can offer in terms of showing prejudice is the patently weak claim that other creditors, as well as the Debtor, would be hurt because the nature and magnitude of the Nucorp fraud claim may constitute a 'drain' on the bankruptcy estate." ... "Needless to say, potential 'drain' on an estate does not constitute the type of prejudice which permits entry of an unwarranted default on meritorious claims." Appellant's Reply Brief, page 10. That argument is predicated upon the proposition that class proofs of claim are cognizable in bankruptcy proceedings. Appellant asks that we find that a class proof of claim such as that filed herein is proper. We decline to do so. Only insofar as this has a bearing upon the question of prejudice, (since the propriety of the proof of claim should be made by the judge of the bankruptcy court) I note that the overwhelming weight of judicial authority is against the allowance of such a claim. *See In re Standard Metals Corporation*, CCH Bankr.L.Reptr., para. 71,760, 817 F.2d 625, (10th Cir.1987).

The Order of the Bankruptcy Court is affirmed.