**In re WANG LABORATORIES, INC., Debtor.**

**Bankruptcy No. 92–18525–WCH.**

United States Bankruptcy Court, D. Massachusetts.

Jan. 26, 1994.

Stanley J. Levy, Levy Phillips & Konigsberg, New York City, for Daria Cervenka and Melissa Scialabba.

George Zimmerman, Louis A. Goodman, Skadden, Arps, Slate, Meagher & Flom, Boston, MA, for Wang Laboratories, Inc.

C. Hall Swaim, Albert A. Notini and Elizabeth M. Leonard, Hale and Dorr, Boston,

MA, for The Plan Committee of Wang Laboratories, Inc.

Benjamin Waisbren, Joseph E. Coughlin and Michael Yetnikoff, Lord, Bissell & Brook, Chicago, IL, for Official Committee of Equity Sec. Holders of Wang Laboratories, Inc.

## DECISION ON MOTION FOR CERTIFICATION OF CLASS ACTION AND RELATED MATTERS

WILLIAM C. HILLMAN, Bankruptcy Judge.

The law firm of Levy Phillips & Konigsberg ("Levy Phillips") filed identical proofs of claim in this matter on behalf of Daria Cervenka and Melissa Scialabba (collectively "Claimants"). The claims purport to be filed on behalf of the Claimants

"individually and as class representatives for all persons who used Wang office machines and computer equipment prior to August 18, 1992 [the petition date] and (a) who did not manifest any repetitive stress injuries prior to that date and (b) manifested symptoms of repetitive stress injuries but had not filed suit prior to August 18, 1992."

The claims are stated to be unsecured non-priority claims for personal injuries in the amount of $1,000,000 for each member of the class. The aggregate claims of the entire class are asserted to be in excess of $100,-000,000.

The debtor ("Wang"), the Plan Committee and the Equity Committee objected to the proofs.

Claimants thereafter moved, pursuant to Fed.R.Bankr.P. 9014, for the application of Fed.R.Bankr.P. 7023 to permit certification of a class action under Fed.R.Civ.P. 23(a) and 23(b)(1)(B). Objections were again filed. Pursuant to a briefing schedule established by the Court the parties have submitted the preliminary issues to the Court for decision on the documents.

The claims and oppositions raise basic issues regarding class claims in bankruptcy as well as the appropriateness of the proposed class itself.

*Allowance of Class Claims in Bankruptcy*

■ The filing of an objection to a proof of claim "creates a dispute which is a contested matter". *Advisory Committee Note,* Fed. R.Bankr.P. 9014. Under that rule the court may "at any stage in a particular matter" direct that rules in Part VII of the Bankruptcy Rules not specifically mentioned in Rule 9014 shall apply. Rule 7023 is a Part VII rule not specified. As a preliminary matter, I must determine if class claims are to be permitted.

One of the earliest cases to address the issue was *In re Computer Devices, Inc.,* 51 B.R. 471 (Bankr.D.Mass.1985), decided by Judge Lavien. While he doubted that class proofs of claim are ever appropriate in a bankruptcy case, the basis of his decision was that the alleged representative had not complied with the class certification requirements of Fed.R.Civ.P. 23. *Id.* at 475.

Nevertheless, the case is generally read as prohibiting the filing of a class claim, joining what has been described as the "overwhelming majority of well-reasoned decisions" in prohibiting such claims. *In re Great Western Cities, Inc.,* 88 B.R. 109, 112 (Bankr. N.D.Tex.1988). Writing in that same year, Judge Easterbrook was able to say that every court that had previously discussed the question at any length had reached that same conclusion. *In re American Reserve Corp.,* 840 F.2d 487, 488 (7th Cir.1988).

The arguments against permitting class actions in bankruptcy are comprehensively collected in A.D. Bono, *Class Action Proofs of Claim in Bankruptcy,* 96 Com.L.J. 297 (1991).

To the extent that *Computer Devices* says what it is reputed to say, that class claims are flatly prohibited, I decline to follow it. The conclusory dicta of *In re Energy Resources Co.,* 82 B.R. 172, 174 (D.Mass.1987), cited by the Plan Committee, does not change my mind. However, I read *Computer Devices* to say that the appropriateness of a class action in a particular matter is a matter for the exercise of judicial discretion, and I will follow it with that interpretation.

The Sixth, Seventh, and Eleventh Circuits have reached the same result. *Reid v. White Motor Corp.*, 886 F.2d 1462, 1469 (6th Cir. 1989), *cert. denied* 494 U.S. 1080, 110 S.Ct. 1809, 108 L.Ed.2d 939 (1990); *Certified Class v. Charter Co. (In re Charter Co.)*, 876 F.2d 866 (11th Cir.1989); *In re American Reserve Corp., supra.*

In *Charter Co.* the court relied upon *Califano v. Yamasaki*, 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979), in which the Supreme Court held that the Social Security Act's provision for suits by "any individual" authorized Rule 23 class actions. In bankruptcy, "a creditor" may file a proof of claim. 11 U.S.C. § 501(a). A "creditor" is an "entity". 11 U.S.C. § 101(9). " 'Entity' includes person." 11 U.S.C. § 101(15). The Bankruptcy Code formulation is somewhat more convoluted in this regard than the Social Security Act, but I believe that the same result should follow. This conclusion is supported by the interesting historical analysis of class actions in bankruptcy found in *American Reserve*, which need not be repeated here.

Holding that a class claim cannot be filed would be a meaningless gesture. With minimal cleverness a purported class agent could frame an adversary proceeding within the parameters of Fed.R.Bankr.P. 7001 and Rule 7023 would automatically be in play. To then hold that a claim in favor of a class could be established in an adversary proceeding but no claim could be filed on behalf of that class would make no sense.

*Are Individual Proofs of Claim Necessary?*

In *Sheftelman v. Standard Metals Corp. (In re Standard Metals Corp.)*, 817 F.2d 625 (10th Cir.1987), the Tenth Circuit held that "class action procedures can be employed in a bankruptcy proceeding only to consolidate claims that have already been properly filed". *Id.* at 632. This position is based upon the requirement of Fed. R.Bankr.P. 3001(b) that, with certain exceptions not relevant here, "a proof of claim shall be executed by the creditor or the creditor's authorized agent" and the Court's conclusion that "a class representative cannot be considered the authorized agent of all of the creditors in a putative class". *Id.* at 631. This last element is supported by Fed. R.Bankr.P. 2019, requiring one who would represent more than one creditor demonstrate authority so to do, in a manner impossible for the putative agent of an amorphous class to satisfy. Because of the failure, "the court may refuse to permit that [putative agent] to be heard further or to intervene in the case." Fed.R.Bankr.P. 2019(b).

The Seventh Circuit rejected *Standard Metals,* holding that Rule 2019 is satisfied by the safeguards inherent in the procedure itself:

> "Not every effort to represent a class will succeed; the representative is an agent only if the class is certified. Putative agents keep the case alive pending the decision on certification.... If the bankruptcy judge denies the request to certify a class, then each creditor must file an individual proof of claim; the putative agent never obtains 'authorized agent' status. If the court certifies the class, however, the self-appointed agent has become 'authorized', and the original filing is effective for the whole class (the principals)."

*American Reserve Corp., supra* at 493.

The Eleventh Circuit has called the requirement for individual claims "illogical and contrary to important class action policy considerations", *Charter Co., supra* at 871, and the *American Reserve* approach has been described as "the more equitable resolution", *Reid v. White Motor Corp., supra* at 1469; "the better rule", *Zenith Laboratories, Inc. v. Sinay (In re Zenith Laboratories, Inc.)*, 104 B.R. 659 (D.N.J.1989); and "persuasive". *Wilson v. Valley Electric Membership Corp.*, 141 B.R. 309, 311 (E.D.La.1992).

I lack the assurance of the Plan Committee which asserts that this issue can be resolved by the "plain meaning" of the statute under *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989). I do have substantial confidence, on the other hand, that the draftsmen of the Code and Rules most likely never gave serious consideration to the application of Rule 23 in the bankruptcy claims resolution process.

■ I treat the Code and the Bankruptcy Rules as a unity to be construed together and adopt the well seasoned principle that "all words and provisions of statutes are intended to have meaning and are to be given effect, and no construction should be adopted which would render statutory words or phrases meaningless, redundant or superfluous". *United States v. Ven–Fuel, Inc.,* 758 F.2d 741, 751 (1st Cir.1985).

In the case of asserted classes consisting of mass tort claims, such as that urged here, the members cannot be determined without significant effort. The class defined by Levy Phillips' papers is not subject to precise identification in the first instance.

If I were to adopt the *Standard Metals* approach, I would be making Rule 23 inapplicable in the vast majority of cases. I will follow *American Reserve* and hold that individual proofs of claim are not required.

*To Exercise Discretion or Not*

■ Having concluded that the Claimants have made a proper first step toward class certification by the filing of their proof of claim,' I must next address the difficult problem of whether it would be appropriate for me to act.

I do not have jurisdiction to decide the ultimate questions of liability in this case. Personal injury claims are tried in the district court. 28 U.S.C. § 157(b)(5).

The certification of a class involves issues which go to the heart of the claim. For example, it may be necessary to create subclasses. *See, e.g., In re Agent Orange Product Liability Litigation,* 506 F.Supp. 762 (E.D.N.Y.1980), *modified* 100 F.R.D. 718 (1983), *mandamus denied sub nom. In re Diamond Shamrock Chemical Co.,* 725 F.2d 858 (2d Cir.1984), *cert. denied* 465 U.S. 1067, 104 S.Ct. 1417, 79 L.Ed.2d 743 (1984). The district court is the proper forum to determine whether there is any function left for the bankruptcy court in cases similar to that at bar. *Official Committee v. Schwartzman (In re Stansbury Poplar Place, Inc.),* 13 F.3d 122, 127 (4th Cir.1993). In my view, it is more appropriate that the Rule 23 decisions be made by the district judge who will try the case.

■ There is some authority for the proposition that it is within my power, in an appropriate case, to transfer this matter directly to the District Court without the formality of a motion to withdraw the reference. *Derryberry v. Toledo Trust Co. (In re Hartley),* 55 B.R. 781 (Bankr.N.D.Ohio 1985). There is also authority to the contrary. *In re Wonder Corp.,* 81 B.R. 221 (Bankr. D.Conn.1988).

■ I agree with the former position. The general order of reference cannot be intended to do a vain thing. When a matter arises within the context of a referred bankruptcy case which is beyond the jurisdiction of the bankruptcy court, the general order must be interpreted as not being applicable to that matter.

An order will enter transferring to the District Court the proofs of claim of the Claimants, the objections thereto, the motion for class certification and all related pleadings.