In re FIRSTPLUS FINANCIAL,
INC., Debtor.

Charles Kahler et al., Plaintiffs,

v.

FIRSTPLUS Financial,
Inc., Defendant.

Bankruptcy No. 99–318969–HCA–11.
Adversary No. 99–3388.

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

April 26, 2000.

Lenard Parkins, Trey A. Monsour, Maxim B. Litvak, Verner, Liipfert, Bernhard, McPherson and Hand, Chartered, for Debtors.

Elizabeth J. Cabraser, William B. Hirsch, Barry R. Himmelstein, Lieff, Cabraser, Heimann & Bernstein, L.L.P., Howard Marc Spector, Marc Ian Agee, for Kahler Plaintiffs.

Judith Weaver Ross, Thompson & Knight, P.C., William L. Stern, Severson & Werson, for Bank One Corporation and Residential Funding Corporation.

Patrick J. Neligan, Pamela R. Dunlop, Neligan, Andrews, Bryson & Foley, for PSB Lending Corporation.

Lynnette R. Warman, Jenkens & Gilchrist, for Firstplus Financial Group, Inc.

Jeffrey W. Hurt, Leonard Hurt Frost & Lilly, Ira G. Rivin, Penelope Parmes, Rutan & Tucker, L.L.P., for Joiner Plaintiffs in Intervention.

## *MEMORANDUM OPINION*

HAROLD C. ABRAMSON, Bankruptcy Judge.

Came before the Court for consideration the Motion for Order Denying Class Certification filed by FIRSTPLUS Financial, Inc. ("Debtor") and the Consolidated Memorandum of Law in Opposition to the Debtor's Motion for Order Denying Class Certification, Motion for Class Certification, and Memorandum of Law in Support filed by Charles Kahler, Robert Bright, Merry Wong, Michael Kluss, Martha

Kluss, and Robin Hadley (collectively, "Plaintiffs"). Several parties who are either co-Defendants with the Debtor in this adversary or Intervenors in this adversary filed Joinders in the Debtor's Motion. One party filed a Joinder in the Plaintiffs' Motion. This memorandum opinion constitutes findings of fact and conclusions of law under Federal Rules of Bankruptcy Procedure 9014 and 7052. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 151, and the standing order of reference in this district. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

## I. Background Facts

The Debtor's Motion seeks an order denying certification of a class of consumer borrowers proposed in the Plaintiffs' Class Action Complaint instituting this adversary proceeding. The Class Action Complaint was filed on or about August 12, 1999, by the Plaintiffs on behalf of themselves and, purportedly, all other similarly situated persons.

On or about April 8, 1999, counsel for the Plaintiffs filed a Notice of Appearance in this bankruptcy proceeding. On or about June 10, 1999, counsel for Plaintiffs sought relief from the automatic stay in order to pursue substantially similar litigation in California federal district court, which was denied by this Court on July 21, 1999. The Plaintiffs did not appeal the order denying relief from the stay. On or about the same date, Plaintiffs also filed a proof of claim on behalf of themselves and the proposed class.[1] The proof of claim asserted a claim subject to or otherwise associated with this adversary proceeding. On December 24, 1999, the Debtor filed its objection to Plaintiffs' class proof of claim in its Omnibus Objection to Claims, as well as objections to individual proofs of claim subject to or otherwise associated with this adversary proceeding. On February 1, 2000, the Court consolidated the Debtor's objections to certain of these claims, totaling less than fifty, with this adversary. At no time during this process, did the Plaintiffs file a motion to certify the class or a motion under Federal Rule of Bankruptcy Procedure 9014 ("Bankruptcy Rule 9014" or "Rule 9014") to make Federal Rule of Bankruptcy Procedure 7023 ("Bankruptcy Rule 7023" or "Rule 7023") applicable to the contested matter involving their class proof of claim. Plaintiffs filed their Motion for Class Certification only in response to the Debtor's Motion to Deny Class Certification. Plaintiffs filed their Motion over seven months after they had filed this adversary and three months after the Debtors had filed their Omnibus Objection to Claims, which created a contested matter with regard to the Plaintiffs' proof of claim.

Plaintiffs seek to certify a class action that would include all persons or entities who applied for and/or obtained loans secured by real property from Capital Direct Funding Group, Inc. or FIRSTPLUS Direct, on or after August 4, 1994. To the extent the Debtor assumed the liabilities of Capital Direct Funding Group, Inc. and/or FIRSTPLUS Direct, the Debtor would be liable for any judgment against those entities. Plaintiffs generally allege that the Debtor charged excessive loan fees and interest; misrepresented that consumers were to receive competitive interest rates; improperly charged borrowers for third party related loan expenses (i.e., credit reports, appraisals, mortgage insurance,

---

1. The Court cautioned counsel for the Plaintiffs not to file a class proof of claim. Instead, the Court instructed counsel for the Plaintiffs that he may file a "group claim" as described by Judge Fitzwater in his opinion, *Adair v. Bartholow (In re Great Western Cities, Inc. of New Mexico)*, 107 B.R. 116 (N.D.Tex.1989). "Your law firm represents six people .... I'll allow you to file what has been defined by Judge Fitzwater in the district court [as] a group claim. It is not a class claim. It is a group claim. All the people you represent, not others. The others are going to get a notice and will have to file a proof of claim to participate as a creditor in a bankruptcy." Transcript of July 21, 1999 Hearing, pp., 74–75.

and flood certification); received kickbacks from some third party service providers; and manipulated and withheld loan disclosure documents to hide effective interest rates, loan costs, and fees.

The Plaintiffs' allegations are incorporated into nine separate causes of action arising under federal and California law: (1) violations of the Real Estate Settlement Procedures Act ("RESPA"); (2) violations of the Truth in Lending Act ("TILA"); (3) violations of the Racketeer Influenced Corrupted Organizations Act ("RICO Act"); (4) unlawful, unfair, and fraudulent business practices (California law); (5) false and misleading statements (California law); (6) violations of the Consumer Legal Remedies Act (California law); (7–8) two counts alleging fraud and deceit by uniform misrepresentation of material fact (California law); and (9) conversion (California law). Based upon these causes of action, the Plaintiffs seek (1) an award of restitution of all improper charges; (2) an order enjoining the Debtor from engaging in the alleged wrongful practices; (3) all damages, including treble damages and punitive damages, allowed under federal and/or state law; and, (4) costs, including attorneys' fees, incurred in the lawsuit.

The Class Action Complaint is based upon the same course of conduct underlying the case instituted in 1998 and pending in California federal district court styled, *Kahler, et al. v. FirstPlus Financial Group, Inc., et al.,* case no. SACV 98–733 GLT (Eex). No class action has been certified in the California federal court, and the case has been stayed as to all defendants. All parties from the California lawsuit are now before this Court as parties to this adversary proceeding, by virtue of intervention or consolidation, and their claims and defenses are at issue in this case.

The California class action was disclosed to all potential class members prior to the bar date for proofs of claim ("Claims Bar Date") by way of actual notice mailed to those parties by the Debtor pursuant to the Court's Modified Order Authorizing Notice Procedures Under Fed.R.Bankr.P. 2002(1) and (m) and Extending Bar Date ("Order Authorizing Notice") entered on June 25, 1999. The notice informed potential class members that they must timely file a proof of claim in order to assert a claim against the Debtor. A blank proof of claim form was also enclosed with the notice. Plaintiffs' counsel was active in the process of negotiating the notice language contained in the Order Authorizing Notice. Specifically, Plaintiffs' counsel objected to the original notice procedures and Plaintiffs' counsel's comments on such, as set forth on the record at the hearing, were incorporated into the notice that was approved by the Court and sent to all potential class members. The notice included, among other things, disclosure of the Claims Bar Date; the pendency of the California class action; the members of the proposed class; Plaintiffs' counsel's name, telephone number, and address; and the Debtor's toll-free telephone helpline number. Plaintiffs never appealed the order approving the original notice procedures.

Pursuant to the Order Authorizing Notice, the Debtor also caused a notice of the pendency of its bankruptcy case and notice of the Claims Bar Date to be published in *The Wall Street Journal* for five consecutive business days during June of 1999 and in *USA Today* for five consecutive business days during July of 1999. Also pursuant to that order, the Debtor provided notice of the pendency of its bankruptcy case, notice of the Claims Bar Date, and a proof of claim form to 350,000 individual customer/borrowers by mail. All potential class members, therefore, received actual and constructive notice of the Claims Bar Date.

Based upon the facts presented here, this Court finds that the class proof of claim filed by the Plaintiffs was improper; that, having received actual and constructive notice of the proof of claim bar date,

those claims of the potential class members who did not file proofs of claim are barred; and, that, pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"), made applicable in this adversary by Bankruptcy Rule 7023, certification of the class in this adversary is not warranted.

## II. Analysis

### A. The Class Proof of Claim

 Federal Rule of Bankruptcy Procedure 3001(b) ("Bankruptcy Rule 3001(b)" or "Rule 3001(b)") requires that a creditor or authorized agent of a creditor shall file a proof of claim. A putative class representative is not, nor can he be transformed by the court into, an authorized agent within the purview of Bankruptcy Rule 3001(b).[2] This Court recognizes that it is in the minority with this view, as the trend seems to be to follow a procedure laid out by the Seventh Circuit, but the Court will address here why it finds it impossible to adopt the Seventh Circuit's model.

The Seventh Circuit has set forth a process, which several other courts have adopted, whereby a class proof of claim

may be filed.[3] The procedure begins with Bankruptcy Rules 9014 and 7023. Rule 9014, which applies to contested matters in a bankruptcy case, says, in pertinent part, that a "court may at any stage in a particular matter direct that one or more of the other rules [not already enumerated in Rule 9014] in Part VII [of the Federal Rules of Bankruptcy Procedure] shall apply." Rule 7023 is the bankruptcy rule that makes Federal Rule of Civil Procedure 23, the rule governing class actions, applicable in the bankruptcy context. Under the Seventh Circuit model, a putative class representative files a class proof of claim.[4] Next, the Debtor, or some other properly situated party, files an objection to the class proof of claim, creating a contested matter. The putative class representative then files a motion with the bankruptcy court under Rule 9014 requesting that Rule 7023 be applied to the contested matter. In almost every instance, the requirement that the putative class representative file a motion under Rule 9014 to have Rule 7023 made applicable to the contested matter regarding the proof of claim is mandatory.[5] Finally, the

---

**2.** *In re Great Western Cities, Inc. of New Mexico*, 88 B.R. 109, 112 n. 2 (Bankr.N.D.Tex. 1988), *rev'd other grounds*, 107 B.R. 116. This Court recognizes that class action principles may have some application in the bankruptcy context. To hold otherwise would make Rule 7023 superfluous. The Fifth Circuit has recognized with approval a line of bankruptcy cases that have allowed a class representative in a certified class action to petition under § 523 that the debts owed to the class members be excepted from discharge. *Fezler v. Davis (In re Davis)*, 194 F.3d 570, 576 n. 3 (5th Cir.1999). However, while exception to discharge proceedings brought by certified class representatives may be permissible, it does not follow that the class action device is appropriate with regard to filing proofs of claim, nor is it appropriate in every instance where a class action may be sought outside the bankruptcy contest.

**3.** *In re American Reserve Corp.*, 840 F.2d 487, 493 (7th Cir.1988). *See also, Certified Class in the Charter Securities Litigation v. Charter Co. (In re Charter Co.)*, 876 F.2d 866, 874 (11th Cir.1989); *Reid v. White Motor Corp.*, 886 F.2d 1462, 1469 (6th Cir.1989); *Wilson v.*

*Valley Electric Membership Corp.*, 141 B.R. 309, 311 (E.D.La.1992); *Zenith Laboratories, Inc. v. Sinay (In re Zenith Laboratories, Inc.)*, 104 B.R. 659, 664 (D.N.J.1989); *In re First Interregional Equity Corp.*, 227 B.R. 358, 366 (Bankr.D.N.J.1998); *In re Bicoastal Corp.*, 133 B.R. 252, 255 (Bankr.M.D.Fla.1991).

**4.** *In re American Reserve Corp.*, 840 F.2d at 493. The Seventh Circuit, in an attempt to side-step Rule 3001(b)'s requirement that a "proof of claim shall be executed by the creditor or the creditor's authorized agent," refers to the putative class representative as the "putative agent".

**5.** *See, e.g., In re Bicoastal Corp.*, 133 B.R. at 255 (Rule 7023 will not be applicable to a contested matter unless a motion to make applicable is timely filed and the motion is granted); *In re Zenith Laboratories, Inc.*, 104 B.R. at 664 (party must move under Rule 9014 for Rule 7023 to be made applicable to proof of claim or must seek class certification before a class proof of claim is permissible); *Reid*, 886 F.2d at 1470–71 (party ignored every mandatory requirement essential to filing

court makes a decision as to whether to exercise its discretion to make Rule 7023 applicable to the contested matter of the class proof of claim.[6]

The Seventh Circuit then attempts to resolve the problem of the "authorized agent" requirement of Rule 3001(b)[7] by concluding that if the judge denies to allow Rule 7023 to apply to the proof of claim, the putative class representative "never obtains 'authorized agent' status" and the individual members of the class would then be required to file individual proofs of claim. If, on the other hand, the bankruptcy court did exercise its discretion to allow Rule 7023 to apply to the proof of claim process, "the self-appointed agent [becomes] 'authorized,' and the original filing is effective for the whole class."[8]

 While the Seventh Circuit's approach is admirably inventive, basic problems exist that make it impossible for this Court to recognize that procedure as the appropriate way to approach class proofs of claim. First, we must return to Bankruptcy Rule 3001(b), which requires a filing by the actual creditor or relies upon an agency relationship between the filer and the creditor.[9] The concept of agency is so fundamental that it barely requires articulation: An agency relationship "exists only if there has been a manifestation by the

principal to the agent that the agent may act on his account, and consent by the agent to so act."[10] Or, to put it another way, "Rule 3001(b) allows a creditor to decide to file a proof of claim and to instruct an agent to do so; it does not allow an 'agent' to decide to file a proof of claim and then inform a creditor after the fact."[11]

The Seventh Circuit allows a party to file a proof of claim on behalf of a class of creditors without having obtained the requisite authorization as the creditors' agent under Bankruptcy Rule 3001(b) and Federal Rule of Bankruptcy Procedure 2019(a) ("Bankruptcy Rule 2019(a)" or "Rule 2019(a)").[12] Upon the Court's exercise of its discretion to allow Rule 7023 to apply to the contested matter as to the class proof of claim, the putative class representative "obtains" authorized agent status, which, presumably, applies retroactively to the date of the filing of the proof of claim. It is a springing authorization of an agent by the court. One court referred to the process contemplated by the Seventh Circuit as "bootstrapping" the authorized agent status of the putative class representative,[13] while another court noted that there was no authority for the proposition that, by triggering a contested matter, an objec-

a class proof of claim when he failed to confirm his representative capacity to represent a class, when he failed to identify the class he purportedly represented and when he failed to timely petition the bankruptcy court to apply the provisions of Rules 9014 and 7023 to his proof of claim); *In re First Interregional Equity Corp.*, 227 B.R. 358, 366 (Bankr.D.N.J. 1998) (class representative must petition the bankruptcy court to apply Rule 7023 to its proof of claim).

6. *In re American Reserve Corp.*, 840 F.2d at 493.

7. "A proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005." Fed. R. Bankr.P. 3001(b).

8. *In re American Reserve Corp.*, 840 F.2d at 493.

9. The putative class representatives in this case are not attempting to move under Rule 3004 or Rule 3005.

10. RESTATEMENT (SECOND) AGENCY § 15 (1958).

11. *Sheftelman v. Standard Metals Corp. (In re Standard Metals Corp.)*, 817 F.2d 625, 631 (10th Cir.1987).

12. Rule 2019(a) requires that an entity representing more than one creditor—such as a putative class representative—file a verified statement detailing the "pertinent facts and circumstances in connection with the employment of the entity or indenture trustee" and listing the names of those creditors whom the entity represents.

13. *In re Allegheny International, Inc.*, 94 B.R. 877, 881 (Bankr.W.D.Pa.1988).

tion to a class proof of claim "can serve to retroactively legitimize an otherwise unauthorized proof of claim." [14]

■ Furthermore, an agent has only the authority to do certain acts if the authority is given him by the principal prior to doing those acts, or if the principal ratifies those acts after the fact.[15] This "springing authorized agency" is an attempt by the courts to stand in the shoes of the principals and ratify the unauthorized filing by the putative class representative: Ratification by the court is not an option because the bankruptcy court is not the principal; the creditors whom the putative class representative purports to represent are the principals, in whom the power to ratify such an act vests. The court may not stand in the shoes of the creditor-principals and ratify the putative agent's act of filing a class proof of claim. To operate under the Seventh Circuit's approach allows a court, first, to ignore the initial requirement of agency in Rule 3001(b) and, then, to attempt to rubberstamp such unauthorized filing in contravention of the general principles governing agency. Such use of Rules 9014 and 7023 impermissibly eviscerates the force and effect of Rule 3001(b) in every case involving a class proof of claim.

■ Some courts have expressed the opposite concern that not to allow class proofs of claim would eviscerate the force and effect of Rules 9014 and 7023 with regard to contested proofs of claim.[16] Contrary to their fears, requiring proof of agency under Rule 3001(b)—typically via Rule 2019(a)—does not eviscerate the applicability of Rules 9014 and 7023 in contested matters involving proofs of claim.

The requirement of authorized agency simply limits the applicability of those two rules, which is not only permissible, but absolutely acceptable, for the Bankruptcy Code and Rules "should be treated as a unity so that all the words and provision of the statute and its rules have meaning and are given effect, *and so that no construction be made so that statutory words and phrases would be rendered meaningless, redundant, or superfluous.*" [17] If the meaning is plain, the Court must rely upon the text of the Code, and its accompanying rules, as the definitive guide to congressional intent.[18] This Court can envision a situation in which the application of Rules 9014 and 7023 to contested matters involving proofs of claims may be proper: for instance, similarly situated claimants who have filed individual proofs of claim may petition the court under Rule 9014 for class treatment of their claims via Rule 7023. This is not an evisceration of Rules 9014 and 7023; rather, it is a reading of those rules that comports with the requirements of Rule 3001(b), giving all three rules effect.

Furthermore, in the Seventh Circuit, if no one objects to the class proof of claim, it will not be a contested matter and the question of the applicability of Rule 7023 will never be ripe. The court would never get the opportunity to exercise its discretion under Rule 9014 to allow or not allow Rule 7023 to apply to the proof of claim. In effect, a proof of claim will have been filed on behalf of a group of creditors by an unauthorized agent who will remain unauthorized since the applicability of Rule 7023 and the appropriateness of the class proof of claim never will have been ad-

---

**14.** *In re Baldwin–United Corp.*, 52 B.R. 146, 149–50 (Bankr.S.D.Ohio 1985).

**15.** RESTATEMENT (SECOND) AGENCY §§ 15 and 82 (1958).

**16.** *See, e.g., Reid*, 886 F.2d at 1470; *In re Wang Laboratories, Inc.*, 164 B.R. 401, 404 (Bankr.D.Mass.1994).

**17.** *United States v. Ven–Fuel, Inc.*, 758 F.2d 741, 751–52 (1st Cir.1985); *In re Wang Laboratories, Inc.*, 164 B.R. at 404 (emphasis added).

**18.** *United States v. Waindel (In re Waindel)*, 65 F.3d 1307, 1308 (5th Cir.1995) (citing *United States v. Ron Pair Enterprises*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989).).

dressed by the court.[19] The agent, in this scenario, never "obtains" authorized status.

Some may argue that the point is moot because unobjected to proofs of claim are deemed allowed, and properly filed proofs of claim are prima facie evidence of their own validity.[20] But if the entire basis for allowing a party to file a class proof of claim lies in the rules governing contested matters, there is a fundamental flaw in the procedure. If the filing of class proofs of claim is to be permissible, it should be permissible and justifiable on all occasions, not just those occasions where the ingenious use of Rules 9014 and 7023 allow the court to bootstrap the permissibility of the class proof of claim. There should be no retroactivity to it—if a class proof of claim is proper, it should be proper from the moment of its filing; the class representative's authorized agent status under Rule 3001(b) should not be established after the fact, it should exist and persist from the instant the claim is filed.

■ Improperly filed proofs of claim are defective, sometimes fatally so. A proof of claim filed by a party who is not a creditor is not a properly filed proof of claim.[21] In *In re Ellington*, a former creditor of the debtor filed a proof of claim after it had sold its claim to a third party.[22] When the third party tried to amend the claim to substitute its name for that of the former creditor, the court held that the former creditor's claim was fatally defective because it was not a creditor. As such, the claim was not properly filed and, thus, the amendment would be ineffective because an absolute prerequisite to allowance of an amendment is the existence of something capable of being amended.[23] That is, a proof of claim filed by an inappropriate party is so flawed that even amendment is impossible.

■ Proofs of claim that do not demonstrate an agency relationship are also considered defective.[24] A proof of claim filed by one who purports to be an agent, but is not, is flawed in a similar fashion as one that is filed by a noncreditor. Federal Rule of Bankruptcy Procedure 3001(f) ("Bankruptcy Rule 3001(f)" or "Rule 3001(f)") says that a proof of claim that is "executed and filed in accordance with these rules" shall constitute prima facie evidence of the validity of the claim.[25] In order for a proof of claim to be prima facie evidence of its validity, it must meet the minimum threshold of being legally sufficient by complying with the Bankruptcy Rules, including Rule 3001, and set forth the facts to support the claim.[26] A proof of claim filed on behalf of another without the requisite agency relationship is not filed in accordance with the Bankruptcy Rules. Therefore, proofs of claim filed by an improper party are invalid on their

---

19. The Court has noticed in some Chapter 11 cases that the attorneys for the debtor and committee(s) take the opportunity to have an attorney for a large group of claimants act as a "class" attorney so as to have one person with whom to negotiate and settle payment through the Plan, thereby binding that "class" ... class being defined as a class of creditors not a class within the meaning of "class action."

20. 11 U.S.C. § 502(a); Fed. R. Bankr.Proc. 3001(f) ("A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim").

21. *In re Ellington*, 151 B.R. 90, 95 (Bankr. W.D.Tex.1993).

22. *Id.* at 93–94.

23. *Id.* at 95.

24. *Unioil v. H.E. Elledge (In re Unioil)*, 962 F.2d 988, 992 (10th Cir.1992).

25. Fed. R. Bankr.P. 3001(f).

26. *In re Ibarra*, 235 B.R. 204, 212 (Bankr. D.P.R.1999) (citing 9 Lawrence P. King, Collier on Bankruptcy, ¶ 3001.09[1], at 3001–26 (15th ed. rev.1998)); *see also, First National Bank of Fayetteville, Ark. v. Circle J Dairy (In re Circle J Dairy)*, 112 B.R. 297, 300 (W.D.Ark.1989).

face and not prima facie evidence of anything.

Additionally, unscheduled creditors must file a proof of claim in order for their claim to be considered and allowed.[27] The requirement to file a proof of claim is stringent.[28] Section 501 allows the following parties to file proofs of claim: (i) a creditor; (ii) an indenture trustee; (iii) the debtor or trustee when a creditor has failed to timely file one; and (iv) a third party who is liable with the debtor on a debt where the creditor has not timely filed one. While some courts see this provision as an exhaustive list of those parties who may file proofs of claim,[29] ironically, the same courts who follow the Seventh Circuit's approach for allowing class proofs of claim, point to Rule 3001(b)'s allowance of a proof of claim to be filed by the authorized agent of a creditor to show that 11 U.S.C. § 501 is not an exhaustive list, thus allowing for their expansive reading of 11 U.S.C. § 501 to include a class proof of claim filed by a putative class representative.[30] This Court thinks the latter interpretation of Rule 3001(b) strains the meaning of "authorized agent."

"A person who has capacity to affect his legal relations by giving consent to a delegable act or transaction has capacity to authorize an agent to do such act or to conduct such transaction for him with the same effect as if he were to act in person."[31] Rule 3001(b) does not expand the scope of persons who may file a proof of claim under 11 U.S.C. § 501, it merely articulates that the filing of a proof of claim is a delegable act, which the creditor has the capacity to authorize an agent to do. The effect of an agent's filing of a proof of claim on behalf of his principal, the creditor, is as if the creditor himself were to file the proof of claim in person. Therefore, the sanctioning of an authorized agent to file a proof of claim on behalf of a creditor in Rule 3001(b) is in no shape an expansion of § 501, but a codification of one of the general principles of agency.

The chief purpose of a class action suit outside of the bankruptcy context—to avoid litigation in a multiplicity of fora—is of little concern in the bankruptcy context since the Bankruptcy Court has jurisdiction over all claims against the Debtor.[32]

**27.** *In re Standard Metals Corp., Inc.,* 817 F.2d at 630–31.

**28.** *In re Standard Metals Corp., Inc.,* 817 F.2d at 630–31. In footnote #2 of the Plaintiff's brief, they indicate that the information regarding class proofs of claim contained in *In re Standard Metals Corp., Inc.* may be dicta of uncertain precedential value within the Tenth Circuit. They cite a Colorado District Court, the First Circuit, and the Eleventh Circuit, all of whom have questioned the precedential value of the case. This Court would point the Plaintiffs to *Unioil v. H.E. Elledge (In re Unioil),* 962 F.2d 988, 991 (10th Cir.1992) wherein the Tenth Circuit Court of Appeals cites itself in *In re Standard Metals Corp., Inc.* for the proposition that while class action procedures are available in adversary proceedings, the absence of a comparable provision in the rules governing proofs of claim precludes the use of class proofs of claims. Apparently, the Tenth Circuit Court of Appeals believe their discussion regarding class proofs of claim from *In re Standard Metals Corp., Inc.* to be of some precedential value within their circuit, and so, this Court elects to follow their lead in that regard.

**29.** *In re Standard Metals Corp., Inc.,* 817 F.2d at 630–31; *In re Ellington,* 151 B.R. 90, 94–95 (Bankr.W.D.Tex.1993) ("'[Section 501(a)] is an exhaustive list of those parties which may file a proof of claim."); *In re Allegheny International, Inc.,* 94 B.R. 877, 879 (Bankr. W.D.Pa.1988) ("We respectfully disagree with the conclusion of *In re American Reserve* that 11 U.S.C. § 501 is only illustrative—and not exhaustive—as to who may file a proof of claim.")

**30.** *See, e.g., In re American Reserve Corp.,* 840 F.2d at 492–93; *Reid,* 886 F.2d at 1470; *In re The Charter Company,* 876 F.2d at 871.

**31.** RESTATEMENT (SECOND) AGENCY § 20 (1958).

**32.** *In re Great Western Cities, Inc.,* 88 B.R. at 113; *In re American Reserve Corp.,* 840 F.2d at 489 (ultimately holding that class proofs of claim are proper, but articulating the disadvantages of class actions in the bankruptcy context).

Also, while there is a deterrent effect to class actions outside of bankruptcy, deterrence is less likely in bankruptcy because the incentive to monitor is destroyed by the lack of available funds, by the fact that the equity interests have been wiped out, and by the fact that the reputations of the managers have been tarnished no matter what happens in the class action.[33] "As the stake goes down, so does the utility of the class device (net of its substantial costs)."[34] An action with modest stakes per claimant—which, arguably, is all that can ever be expected in the bankruptcy context—is a "lawyer's vehicle in the best of times."[35]

Perhaps this argument among the courts about the permissibility of class proofs of claim points to a gap within the rules that Congress should consider. This Court recognizes that some inequities may exist in not allowing class proofs of claim to be filed by putative class representatives, and that "[t]hese inequities could be eliminated by allowing a class proof of claim, but Congress has not empowered us to do so."[36] The Court also recognizes that, outside of the context of a bankruptcy proof of claim procedure, the essence of the class device is that a lawsuit is filed on behalf of a group of similarly situated claimants without the existence of an authorized agency relationship between the putative class representative and the putative class members in advance of filing suit. The requirements of the Bankruptcy Code and Rules, however, affect how a proof of claim is to be filed and handled.

Rule 3001(b) requires authorized agency when filing a proof of claim on behalf of another, and the rule must be respected, regardless of how class actions may operate outside of the bankruptcy claims process. Accordingly, this Court will hold with the general principles outlined in its opinion, *In re Great Western Cities, Inc. of New Mexico*, 88 B.R. 109 that Rule 3001(b) requires an authorized agency relationship, and that "a putative class representative is not authorized by anybody."[37]

For all of the above reasons, this Court concludes that a class proof of claim is improper in the bankruptcy context. Given the fact that the Khaler Plaintiffs are not the authorized agents of the putative class, the class proof of claim filed by the Khaler Plaintiffs was improper, defective, and is hereby expunged to the extent that it purports to be a claim filed on behalf of anyone other than the named Plaintiffs in the suit.[38] Therefore, the Plaintiffs' proof of claim will be considered a group claim.[39]

This Court notes that, even if it were to adopt the approach articulated by the Seventh Circuit that allows the filing of class proofs of claim at the discretion of the court, the Khaler Plaintiffs have not met their burden of filing a motion under Rule 9014 to make Rule 7023 applicable in matters involving contested proofs of claim. This Court has searched the record for such a filing, which rightfully should have been filed by the Khaler Plaintiffs soon after the Debtor filed its Omnibus Objection to Claims on December 24, 1999, and

**33.** *In re American Reserve Corp.*, 840 F.2d at 490–91.

**34.** *Id.* at 490.

**35.** *Id.* at 490. The Court also notes that one of the benefits of a bankruptcy proceeding to putative class members is that those people can, and could have in this case, participate without having to hire an attorney and, in all probability, would received substantially the same recovery.

**36.** *In re Allegheny International, Inc.*, 94 B.R. at 881.

**37.** *In re Great Western Cities Inc.*, 88 B.R. at 112 n. 2.

**38.** The Court notes that, since it announced its intention not to certify the class, the attorneys for the Khaler Plaintiffs have filed an amended Rule 2019(a) statement, showing that they represent only the named plaintiffs in the litigation.

**39.** *See, Adair v. Bartholow (In re Great Western Cities, Inc. of New Mexico)*, 107 B.R. 116, 118 (N.D.Tex.1989).

found none.[40] Therefore, even by their own standard, the Khaler Plaintiffs would have failed to meet the requisites for filing a class proof of claim.

Also, since all of the members of the putative class received actual notice by mail, and constructive notice by publication, of the Debtor's bankruptcy and of the Claims Bar Date, the claims of those persons who did not file a proof of claim with the Court are barred. An unsecured creditor must file a proof of claim in order for the claim to be allowed.[41] The Fifth Circuit has noted that Federal Rule of Bankruptcy Procedure 3002(a) ("Bankruptcy Rule 3002(a)" or "Rule 3002(a)") is not an absolute bar to the allowing of a proof of claim, but rather provides a dividing line between timely and tardily filed proofs of claim.[42] "A creditor's claim can be barred for untimeliness only upon a showing that it received reasonable notice."[43] Determining the adequacy of the notice that the creditor received depends on the facts and circumstances of each case.[44] Therefore, a claimant may file a late proof of claim if he is able to show that his failure to timely file his proof of claim and the Court's failure to allow the filing, would violate his right to due process.[45] A claimant may also file a late proof of claim if he can show that his

failure to timely file was due to excusable neglect.[46] Nevertheless, a creditor who has received actual notice of the claims bar date, and who does not file a proof of claim, is barred and has no claim.

Finally, were the Court to allow the class proof of claim to stand, such action would allow a second bite at the apple for those creditors who received notice of the bankruptcy filing and of the Claims Bar Date, and who chose not to file. Such a result would be inequitable to the Debtor's other creditors who are bound by the bar date. It would also be inequitable within the proposed class since approximately 2,000 of those people, recognizing their rights and concomitant duties as creditors of the Debtor, filed their individual proofs of claim.

## B. Rule 23 Analysis

Having disposed of whether the Plaintiffs' class proof of claim was proper in the main case, the Court now turns to whether this adversary proceeding is maintainable under Rule 23. In the bankruptcy context, class actions should be rare.[47] Bankruptcy is unique in that it provides a forum for a collective claims resolution process that is similar to the purpose of class actions.[48]

---

**40.** Even assuming that filing a motion to certify the class in the adversary works as a motion in the main case under Rule 9014 to make Rule 7023 applicable to the proof of claim, such motion was not filed by the Khaler Plaintiffs until it was prompted by the Debtor's having filed a motion to deny class certification. The Khaler Plaintiff's argue in their reply brief and motion to certify class that they were waiting until the "dust settled" with regard to parties being added to the adversary proceeding before they filed a motion to certify the class. That is as may be, but that justification does not wash in the case of the delay in filing a motion to allow the class action principals to apply to their proof of claim since the only parties involved with regard to the proof of claim are the Debtor and the Khaler Plaintiffs.

**41.** Fed. R. Bankr.P. 3002(a).

**42.** *In re Waindel*, 65 F.3d at 1309.

**43.** *Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg., Inc.)*, 62 F.3d 730, 735 (5th Cir.1995).

**44.** *Id.*

**45.** *Id.*

**46.** *See generally, Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

**47.** *In re Sacred Heart Hospital of Norristown*, 177 B.R. 16, 22 (Bankr.E.D.Pa.1995).

**48.** *In re American Reserve Corp.*, 840 F.2d at 489; *In re Standard Metals Corp., Inc.*, 817 F.2d at 632.

 The Court has wide discretion in deciding whether or not to certify a proposed class, and its decision may be reviewed only for an abuse of discretion.[49] The party seeking class certification bears the burden of proof on whether or not to certify the class.[50] The Plaintiffs have not carried their burden.

 Rule 23 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Bankruptcy Rule 7023, establishes four threshold requirements for the certification of a class, each of which must be satisfied in order for a case to proceed as a class action.[51] These requirements are commonly known as numerosity, commonality, typicality, and adequacy of representation.[52] Notwithstanding the burdens, the Court must conduct a rigorous analysis of these requirements before certifying a class.[53] In addition to the initial requirements laid down in Rule 23(a), the class must also meet at least one of the requisites laid down in Rule 23(b).

*Numerosity*

 In order to satisfy the numerosity requirement, the Plaintiffs must show that the class is so numerous that joinder of all members is impracticable.[54] Numerosity implicates impracticability of joinder, but imposes no absolute limitations on how many or how few members are necessary.[55] While the Plaintiffs argue that 30,000 potential class members is sufficiently numerous, this Court finds that, given that each of those 30,000 person received actual and constructive notice of the Claims Bar Date, 30,000 is not the appropriate number to look at in determining numerosity. Those parties who did not file proofs of claim prior to the Claims Bar Date are barred and have no claim. Therefore, the only possible number to consider when determining numerosity is the approximately 2,000 persons who did file proofs of claim. This number has already been reduced to nearly fifty by the claims adjudication process, showing that the they could be efficiently disposed of before this Court without the use of the class action device. As to the fifty whom are left, joinder is not impracticable in that the adjudication of their claims has already been consolidated into this adversary proceeding. Even if they had not been consolidated with this adversary, they could have easily been addressed individually through the claims resolution and/or the claims estimation process. Accordingly, the Plaintiffs cannot satisfy the requirement of numerosity under Rule 23(a).

*Commonality*

 Commonality exists when there are questions of law or fact common to the class.[56] Commonality is satisfied if there is at least one issue whose resolution will affect all or a significant portion of the putative class.[57] However, fraud class actions "cannot be certified when individual reliance will be an issue."[58] The various allegations against the Debtor and other Defendants contain elements of fraud and/or defalcation and/or intentional misrepresentation. All of the representations that the Plaintiffs claim are fraudulent are not necessarily identical for each of the potential class members. One person may have received a deficient disclosure in

**49.** *McGrew v. Texas Bd. of Pardons & Paroles,* 47 F.3d 158, 162 (5th Cir.1995).

**50.** *Castano v. American Tobacco Co.,* 84 F.3d 734, 740 (5th Cir.1996).

**51.** *Durrett v. John Deere Co.,* 150 F.R.D. 555, 557 (N.D.Tex.1993).

**52.** Fed.R.Civ.P. 23(a); *McGrew,* 47 F.3d at 162; *Durrett,* 150 F.R.D. at 557.

**53.** *Castano,* 84 F.3d at 740.

**54.** Fed. R. Bankr.P. 23(a)(1).

**55.** *Durrett,* 150 F.R.D. at 557.

**56.** Fed.R.Civ.P. 23(a)(2).

**57.** *Durrett,* 150 F.R.D. at 557–58.

**58.** *Castano,* 84 F.3d at 745.

writing, while another may have been lied to on the telephone; still, a third may not have been defrauded at all. Each of these putative class members will have to prove the particular way in which they were defrauded and, more importantly, will have to prove their reliance upon that fraud. Because there is no proof of common reliance and common fact regarding the type of fraudulent representations that were made to the putative class members, there is no commonality in this case.

## Typicality

 Typicality exists when the claims or defenses of the representative parties are typical of the claims or defenses of the class.[59] Typicality requires, at a minimum, that the proposed class representatives have the same interest and suffer the same injury as the class members.[60] "To meet the typicality requirement, the putative class representatives must establish the bulk of the elements of each class members' claims when they prove their own."[61] For the same reasons that commonality is not present, typicality is absent. Various types of fraud and the reliance on those alleged frauds permeate the allegations made by the Plaintiffs. Since reliance on those alleged frauds will require individual analysis, each party's fraud may be unique to themselves alone. Unique claims are not typical claims and, therefore, typicality does not exist.

## Adequacy of Representation

 The requirement of "adequacy of representation" demands that the representative parties will fairly and adequately protect the interests of the class.[62] Representativeness requires an analysis of whether the representatives have a sufficient interest in, and nexus with, the class to insure vigorous prosecution of the action.[63] An inquiry into adequacy of representation "necessarily concentrates on the competence of class counsel."[64] Whether there is adequate representation must be given special attention because the "element's requisites flow from the demands of due process."[65] The Court has no reason to believe that the Plaintiff's attorneys or the representative parties would not fairly and adequately represent the rights of any potential class, where one otherwise certifiable.

## Rule 23(b) Considerations

A suit under Rule 23(b)(1)(A) involves the risk of inconsistent or varying adjudications that would risk the establishment of incompatible standards of conduct for the party opposing the class.[66] In their Response and Motion, Plaintiffs do not seek class certification under this provision of Rule 23, nevertheless, there is little or no risk of inconsistent and varying adjudications since this Court has jurisdiction over all the parties involved.

 A suit under Rule 23(b)(1)(B) involves "suits by class members outside the class action that would be practically dispositive of the interests of the other class members who were not parties" to that outside adjudication.[67] Rule 23(b)(1)(B) refers to a situation where there is a finite amount of money to satisfy all claims and wherein one plaintiff could exhaust the fund to the detriment of the other potential claimants.[68] There is no such risk in the context of a bankruptcy case since bankruptcy procedures provide for a pro

59. Fed.R.Civ.P. 23(a)(3).

60. *Durrett,* 150 F.R.D. at 558.

61. *Id.*

62. Fed.R.Civ.P. 23(a)(4).

63. *Durrett,* 150 F.R.D. at 558.

64. *Id.*

65. *Id.*

66. *Durrett,* 150 F.R.D. at 559.

67. *Id.*

68. *Id.*

rata distribution to all claimants who have allowed claims.[69]

▮▮▮▮ Next, Rule 23(b)(2) applies to claims where the appropriate final relief does not relate primarily to money damages, but is more in the nature of injunctive or declaratory relief.[70] "[M]onetary relief may be obtained in a [Rule 23(b)(2) ] action so long as the predominant relief sought is injunctive or declaratory" relief.[71] The Plaintiffs here, in addition to their declaratory/injunctive relief, seek rescission, treble damages, and attorneys' fees. Rescission, treble damages, and attorneys' fees are major demands for monetary relief. Therefore, the declaratory relief sought does not predominate over these potentially huge money demands. Accordingly, this case is also not maintainable as a class action under Rule 23(b)(2).

Next, Rule 23(b)(3) "requires that questions of law or fact common to members of the class predominate over issues affecting only individual members and that the class action device be superior to other available methods for the fair and efficient adjudication of the controversy."[72] This requirement is similar to the elements of commonality and typicality, which are two of the threshold requirements of Rule 23(a). In this case, common questions do not predominate, generally, for the same reasons that typicality and commonality are absent: the individualized considerations of fraud and the class members' particular reliance upon that fraud require separate adjudications, as do the individualized questions of proof as to liability and as to amount of damages, if any. Furthermore, since there are only approximately fifty claimants remaining, the class action device is not superior to the claims adjudication procedures that are already available in this bankruptcy proceeding.

With regard to the RESPA claims, individual inquiries would be required regarding the § 2607(c) exemption for payments made to third parties,[73] such as title insurance companies, for work actually performed in relation to originations of federally related mortgage loans.[74] Even assuming that § 2607 does not apply to this inquiry and that the only RESPA issue in dispute is whether the Debtor received kickbacks or improperly retained fees, an individual inquiry into the Debtor's conduct regarding each of the loans would be required. It is unlikely that the type and amount of kickbacks or improperly retained fees, if any, are identical with regard to each member of the proposed class. Ultimately, the only way to resolve the Debtor's alleged RESPA violations is via an individualized, case-by-case analysis. Furthermore, class certification is also inappropriate with regard to the RESPA violations because claims brought under § 2607 of RESPA are subject to a one year statute of limitations.[75] Whether some of the claims of the proposed class members are time-barred would also require an individualized analysis that is not suited to the class action device.

The TILA action is also not suited for class treatment. Under TILA, the remedy of rescission is a "purely personal remedy" given that the creditor has the right, with regard to every individual obligor, to

**69.** *In re Woodmoor Corp.,* 4 B.R. 186, 190 (Bankr.D.Colo.1980).

**70.** *Durrett,* 150 F.R.D. at 559.

**71.** *Allison v. Citgo Petroleum Corp.,* 151 F.3d 402, 411 (5th Cir.1998).

**72.** *Durrett,* 150 F.R.D. at 559.

**73.** 12 U.S.C. § 2607(c).

**74.** *Briggs v. Countrywide Funding Corp.,* 183 F.R.D. 576, 580–81 (M.D.Ala.1997) (the court found that, in order to investigate a mortgage lender's and its brokers' liability, the trier of fact would need to investigate the services actually performed and the fees charged in each specific instance such that class certification was in appropriate); *see also, Brancheau v. Residential Mortgage,* 187 F.R.D. 591, 594 (D.Minn.1999).

**75.** 12 U.S.C. § 2614.

ten days in which to go through the steps of rescission before the matter may be brought to the court.[76] Also, as this Court has noted earlier, individualized proof regarding the adequacy or inadequacy of the disclosures made to each loan obligor would be required. Finally, the cap on damages for a class action under TILA is the lesser of $500,000 or 1% of the net worth of the creditor-defendant—in this case, the Debtor.[77] Since the Debtor is in bankruptcy, the net worth of the Debtor is likely to be is zero so that a zero recovery would be probable.

Individualized inquiries also predominate with regard to the RICO violations alleged by the Plaintiffs because proximate causation is a necessary element of the action. Section 1964(c) of the RICO statute provides that "[a]ny person injured in his business or property by reason of a violation of section 1692 of this chapter may sue therefor in any appropriate United States district court . . . ." The United States Supreme Court has defined a cause of action under this section as a situation where the compensable injury is the harm caused by predicate acts that are sufficiently related to constitute a pattern, and that recoverable damages will flow from the commission of predicate acts.[78] The Fifth Circuit has further defined "by reason of" to mean a situation where the predicate acts constitute (a) factual causation and (b) legal causation of the alleged injury.[79] The pertinent inquiry in determining the existence of legal cause is whether the conduct of the defendant was so significant a cause that the defendant should be held responsible.[80] Each member would have to prove legal cause.[81]

Because proximate cause is a necessary element of proof under the RICO civil remedy statute, class certification is not proper in this case.

▮▮▮ Also, the common law causes of action, as well as the California state law claims based upon California statutes, are not appropriate because extensive state law variations make class treatment impossible. In a multi-state class action, variations in state law may swamp any common issues and defeat predominance.[82] Plaintiffs are attempting to certify a national class, but California law would not necessarily apply to all members of the proposed class. Therefore, multiple state law fraud, punitive damages, and consumer protection law must be considered.[83] Because the state laws may vary and because Plaintiffs have made no effort to analyze such variations, a class may not be certified.

Lastly, the Debtor is not the only defendant before this Court. Individualized inquires must be made as to which or any or all of these defendants may be liable, to whom they may be liable, and for how much. These questions require fact-intensive, individualized inquires that are not appropriate in a class action.

*Timeliness under Rule 23(c)*

▮▮▮ Finally, the Debtor insists that the motion for class certification by the Plaintiffs was not timely and, therefore, class certification should be denied on that ground alone. Rule 23(c)(1) says that a court shall determine whether a class action is maintainable "[a]s soon as practicable after the commencement of an action brought as a class action." While it is not

**76.** *James v. Home Constr. Co. of Mobile, Inc.,* 621 F.2d 727, 730–31 (5th Cir.1980).

**77.** 15 U.S.C. § 1640(a)(2)(B).

**78.** *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 497, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985).

**79.** *Ocean Energy II, Inc. v. Alexander & Alexander, Inc.,* 868 F.2d 740, 744 (5th Cir.1989).

**80.** *Ruffu v. Johnson & Johnson, Inc.,* 181 F.R.D. 341, 343–44 (E.D.Tex.1998).

**81.** *Id.*

**82.** *Castano,* 84 F.3d at 741.

**83.** *Id.* at 741.

unheard of that a class may be certified as long as three years after the complaint is filed, the court should consider the reasons for any delay and whether the defendants were unduly prejudiced by the delay.[84] While the trial court should make its initial ruling on class certification as soon as practicable after the commencement of the case, no set deadline by which the court must act exists.[85] The Plaintiff's Motion for Class Certification was filed only after the Debtors filed their Motion to Deny Class Certification and was wrapped into the Plaintiff's Response to the Debtor's Motion. Had the Debtors not filed their Motion, this Court doubts that the Plaintiffs would have as yet filed a motion to certify the class.

Furthermore, the Debtor's plan was set for confirmation for April 5–7, 2000. The Debtors needed the issue of class certification to be resolved prior to confirmation since whether or not a class of, potentially, 30,000 claimants would be certified would have an impact on the feasibility of their plan of reorganization. The Debtor's Motion was filed just over a month prior to the confirmation hearing, on March 3, 2000, while the Plaintiffs' Consolidated Response and Motion was filed on March 21, 2000, just over two weeks before the confirmation hearing was to begin. While the Plaintiffs argue that they should not be penalized for waiting until the "procedural dust" settled before filing their motion for class certification, the Plaintiffs also acknowledge in their motion that the identity of all the parties to this adversary was known as of December 9, 1999. The Plaintiffs could have filed a motion to certify class at any time after that date. That the parties did not agree until February 1, 2000 that all issues regarding class certification would be dealt with via this adversary proceeding is not dispositive. It took Plaintiffs a little over two weeks to file their Response and Motion, a fairly quick turn around. There seems to be no reason that the Plaintiffs could not have filed their Motion earlier—whether it be in December or January, or after the parties' agreement on February 1, 2000—other than that they were dragging their feet. Accordingly, this Court finds that the reasons for the Plaintiffs' delay are not sufficient to outweigh the prejudice the Debtor might have faced had the class action issue not been addressed and disposed of prior to the confirmation hearing.[86] Certification of the class, therefore, should also be denied on the grounds that the Plaintiff's Motion was untimely.

### III. Conclusion

Therefore, this Court concludes that, in view of the cases and statutes discussed herein, the proof of claim filed by the Plaintiff was invalid to the extent that it purports to be a proof of claim filed on behalf of an uncertified class of creditors, and the proof of claim stands as a group claim only as to those clients represented by Plaintiffs' counsel. Furthermore, this Court concludes that no class action is maintainable in this adversary proceeding under Rule 23. The Debtor's Motion for an Order Denying Class Certification should be granted, and the Plaintiffs' Motion for Class Certification should be denied. Orders will be entered consistent with this memorandum opinion.

**84.** *Montelongo v. Meese*, 803 F.2d 1341, 1351 (5th Cir.1986).

**85.** *Id.*

**86.** The Court announced to the parties prior to the confirmation hearing that it would deny class certification, indicating that this opinion would follow shortly.