92 F.3d 939
 96 Cal. Daily Op. Serv. 6001, 96 Daily Journal
D.A.R. 9813
In re BIRTING FISHERIES, INC., Debtor.
BIRTING FISHERIES, INC., Appellant,
v.
James LANE, Denise Lien, Carl Offenheiser, and the Class of
Similarly Situated Crewmembers of the F/T Ocean
Rover, Appellees.
 No. 95-35345.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 12, 1996.
Decided Aug. 12, 1996.
 
 Ronald W. Goss, Shulkin Hutton Inc., P.S., Seattle, Washington, for appellant.
 Scott Edward Collins, Helsell, Fetterman, Todd & Hokanson, Seattle, Washington, for appellees.
 Appeal from the United States District Court for the Western District of Washington, Thomas S. Zilly, District Judge, Presiding. D.C. No. CV-94-01649-TSZ.
 Before: REAVLEY,* REINHARDT and WIGGINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Debtor Birting Fisheries, Inc., appeals the district court's order, affirming a bankruptcy court order certifying a proof of claim filed by James Lane et al. for themselves and a class comprised of present and former crewmembers of a fishing vessel owned by the debtor. The class certification is not itself challenged, only the proof of claim on behalf of the class. While the debtor makes a plausible argument that 11 U.S.C. § 501 does not allow the filing of a class proof of claim, we conclude that the bankruptcy code should be construed to allow class claims.
 
 
 2
 Three circuits have previously considered this question,[1] and all have construed the code as we do. Those courts have fully discussed the arguments and explained their decision. We concur.
 
 
 3
 AFFIRMED.
 
 
 
 *
 Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 [1]
 Reid v. White Motor Corp., 886 F.2d 1462 (6th Cir.1989), cert. denied, 494 U.S. 1080, 110 S.Ct. 1809, 108 L.Ed.2d 939 (1990); In re Charter Co., 876 F.2d 866 (11th Cir.1989), cert. dismissed, 496 U.S. 944, 110 S.Ct. 3232, 110 L.Ed.2d 678 (1990); In the Matter of American Reserve Corp., 840 F.2d 487 (7th Cir.1988); cf. In re Standard Metals Corp., 817 F.2d 625 (10th Cir.1987), vacated and reversed on other grounds sub. nom. Sheftelman v. Standard Metals Corp., 839 F.2d 1383 (10th Cir.1987), cert. dismissed, 488 U.S. 881, 109 S.Ct. 201, 102 L.Ed.2d 171 (1988)