**In re KAISER GROUP INTERNATIONAL, INC., et al., Debtors.**

**No. 00–2263 MFW to 00–2301–MFW.**

United States Bankruptcy Court,
D. Delaware.

May 21, 2002.

Norman L. Pernick, J. Kate Stickles, Saul Ewing, LLP, Wilmington, DE, G. Christopher Meyer, Christine Murphy Peirpont, Squire, Sanders & Dempsey, LLP, Cleveland, OH, for debtors.

Pamela S. Tikellis, Beth D. Savitz, Chimicles & Tikellis, LLP, Wilmington, DE, J. Dennis Faucher, Michael S. Tarringer, Miller Faucher & Cafferty, LLP, Philadelphia, PA, for James D. Pippin, Paul F. Smith and Edgar T. Randol.

Joel A. Waite, Young Conaway Stargatt & Taylor, LLP, Wilmington, DE, Richard Havel, Kevin Lantry, Sidley & Austin, Los Angeles, CA, for Official Committee of Unsecured Creditors.

### *OPINION* [1]

MARY F. WALRATH, Bankruptcy Judge.

Before the Court is a motion for class certification of a proof of claim filed by James D. Pippin ("the Claimant"). Kaiser Group International, Inc. ("Kaiser") and certain of its direct and indirect subsidiaries (collectively "the Debtors") objected to certification of the class proof of claim. Pursuant to Federal Rule of Civil Procedure 23(a) and (b) as made applicable by Bankruptcy Rules 7023 and 9014, and for the reasons set forth below, we grant the motion to certify the class.

## I. *FACTUAL BACKGROUND*

On June 9, 2000, the Debtors filed voluntary petitions under chapter 11. The Debtors' Second Amended Plan of Reorganization was confirmed by Order dated December 5, 2000.

On August 1, 2000, the Claimant filed a proof of claim in the amount of $7,943,196.70 for a class of claimants comprised of 47 shareholders that had received Kaiser stock in exchange for shares held in ICT Spectrum Constructors, Inc. ("Spectrum"), pursuant to an Agreement and Plan of Merger dated February 5, 1998 ("the Merger Agreement"). The class claim is based on a suit filed by the Claimant on March 24, 1999, in Idaho against Kaiser, its subsidiary and certain Kaiser officers alleging violation of the federal securities laws with respect to the Spectrum merger.

On September 27, 2000, the Debtors filed their Fifth Omnibus Objection to Du-

---

**1.** This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052, which is made applicable to contested matters by Federal Rule of Bankruptcy Procedure 9014.

plicated Claims, Litigation Claims, No Amount Owed Claims and Misclassified Claims ("the Objection") by which the Debtors sought, *inter alia,* to reclassify the ICT Shareholders' claims, including the Claimant's class claim. On February 15, 2001, the Debtors filed a brief in support of their Objection to the ICT Shareholders' claims, asserting those claims must be subordinated pursuant to section 510(b). On March 16, 2001, a hearing was held and on April 11, 2001, we issued an Opinion in favor of the Debtors, subordinating all ICT Shareholders' claims, including the Claimant's class claim.

On July 11, 2001, the Debtors objected to the class claim on the basis that the Claimant is not an authorized representative of the class. (Declaration of Counsel in Support of Class Certification dated September 28, 2001, Exh. C.) On September 25, 2001, the Idaho Court certified the class against all defendants except the Debtors (the automatic stay having stayed that action against the Debtors). On September 28, 2001, the Claimant filed a motion to certify the class claim. On October 8, 2001, the Debtors objected to that motion and a hearing was held on October 24, 2001.

## II. *JURISDICTION*

This Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O).

## III. *DISCUSSION*

### A. *Class Actions in Bankruptcy*

■ The vast majority of courts conclude that class proofs of claim are permissible in a bankruptcy proceeding.[2] *See, e.g., Reid v. White Motor Corp.,* 886 F.2d 1462, 1469 (6th Cir.1989); *In re Charter Co.,* 876 F.2d 866, 873 (11th Cir.1989); *In re American Reserve Corp.,* 840 F.2d 487, 493 (7th Cir.1988); *In re Zenith Laboratories, Inc.,* 104 B.R. 659, 662 n. 2 (D.N.J. 1989); *In re Chateaugay Corp.,* 104 B.R. 626, 629 (S.D.N.Y.1989); *In re First Interregional Equity Corp.,* 227 B.R. 358, 366 (Bankr.D.N.J.1998); *In re Woodward & Lothrop Holdings, Inc.,* 205 B.R. 365, 370 (Bankr.S.D.N.Y.1997); *In re Sacred Heart Hosp. of Norristown,* 177 B.R. 16, 22 (Bankr.E.D.Pa.1995). *But see Kahler v. FIRSTPLUS Fin., Inc. (In re FIRSTPLUS Fin., Inc.),* 248 B.R. 60, 72 (Bankr. N.D.Tex.2000) (class proof of claim is improper in the bankruptcy context).

■ Whether to certify a class claim is within the discretion of the bankruptcy court. Rule 7023 of the Federal Rules of Bankruptcy Procedure expressly allows class certification in adversary actions, by incorporating Rule 23 of the Federal Rules of Civil Procedure. Fed. R. Bankr.P. 7023. Rule 9014 expands that Rule to contested matters, at the court's discretion. "The court may at any stage in a particular matter direct that one or more of the rules in Part VII shall apply." Fed. R. Bankr.P. 9014.

■ The Debtors assert that Rule 3001(b) of the Federal Rules of Bankruptcy Procedure prohibits the filing of a class claim unless filed by an authorized representative. Rule 3001(b) provides in relevant part that a "proof of claim shall be executed by the creditor or the creditor's

---

**2.** Under the former Bankruptcy Act the Third Circuit had held that a class proof of claim was not appropriate in a reorganization case. *See SEC v. Aberdeen Sec. Co.,* 480 F.2d 1121, 1128 (3d Cir.1973). However, it has acknowledged that classes are now regularly certified under the Bankruptcy Code. *See, e.g., In re Whittaker,* 882 F.2d 791, 793 n. 1 (3d Cir. 1989) (declining to review certification of class claim by lower court).

authorized agent." Fed. R. Bankr.P. 3001(b). The Debtors rely on *FIRST-PLUS* for the proposition that "a putative class representative is not, nor can he be transformed by the court into, an authorized agent within the purview of Bankruptcy Rule 3001(b)." 248 B.R. at 67. The Debtors argue that since the Claimant has not established that he is an "authorized agent" under Rule 3001(b), the class claim should be denied.

The Seventh and Eleventh Circuits have rejected this argument. In certifying a class claim, the Eleventh Circuit in *Charter* stated that Rule 3001(b) did not present an obstacle to class claims:

> With respect to Bankruptcy Rule 3001(b), the representative in a class action is an agent for the class members. *Although the putative class members do not consent to the original filing beforehand, this is inherent in the nature of a class action.* The class filing cannot prejudice the putative class members in any way, and the subsequent application of class action procedures relating to notice, representativeness of the named class members, and opt-out provisions will protect the class members' individual interests. *Thus, the filing claimant's status as a putative representative is at least minimally sufficient to authorize his agency for class filing purposes, and there is no apparent reason to prohibit him from acting in that capacity.* Filing holds no potential for prejudice to the other claimants, and in performing any other functions the representative will be under the supervision of the court and Rule 23 procedures.

*Charter,* 876 F.2d at 873 (citations omitted) (emphasis added).

The Seventh Circuit in *American Reserve* described how a class representative becomes an "authorized representative" under 3001(b):

The representative in a class action is an agent for the missing. Not every effort to represent a class will succeed; the representative is an agent only if the class is certified. Putative agents keep the case alive pending the decision on certification. If the bankruptcy judge denies the request to certify a class, then each creditor must file an individual proof of claim; the putative agent never obtains "authorized agent" status. *If the court certifies the class, however, the self-appointed agent has become "authorized", and the original filing is effective for the whole class (the principals).* It follows that there may be class proofs of claims in bankruptcy.

840 F.2d at 493 (citations omitted) (emphasis added). We agree with the reasoning of the Seventh and Eleventh Circuits. Therefore, we conclude that Rule 3001(b) does not prohibit the filing of class claims by a putative class representative. To hold otherwise "would effectively prohibit the use of class actions in bankruptcy altogether" unless the class action had proceeded to a stage where a class representative had been appointed pre-petition. *Zenith Labs.,* 104 B.R. at 663. We do not believe that the timing of the bankruptcy filing should be determinative of whether a class proof of claim should be permitted.

The Debtors also argue that we should consider whether it is appropriate to give class members an opportunity to participate in the class if they did not file proofs of claim before the bar date. The Debtors argue this gives class members an extension of the time within which to file a claim. *See, e.g., Sacred Heart,* 177 B.R. at 22. The Claimant, however, did file the class proof of claim before the bar date. If the class claim is certified, then the claims of all the members of the class are incorporated in the proof of claim that was timely filed. This is inherent in class ac-

tions. For example, the filing of a class action tolls the statute of limitations otherwise applicable to all class members in their individual capacities. *See, e.g., Bailey v. Sullivan,* 885 F.2d 52, 65 (3d Cir.1989). The Debtors are not prejudiced by this, since the Debtors had notice of the existence of the class claim before the bar date.

### B. *Standard for Certifying a Class Action Claim*

The Supreme Court has expressed its approval of class actions, noting that "[c]lass actions serve an important function in our system of civil justice." *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 99, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981). The Third Circuit has held that class actions should be looked upon favorably. *See Eisenberg v. Gagnon,* 766 F.2d 770, 785 (3d Cir.1985).

■ In order to certify a class action, the claimant must satisfy the four elements of Rule 23(a), as well as the requirements of Rule 23(b). *See, e.g., Johnston v. HBO Film Mgmt.,* 265 F.3d 178, 183 (3d Cir.2001); *Georgine v. Amchem Prods., Inc.,* 83 F.3d 610, 624 (3d Cir.1996); *Wetzel v. Liberty Mut. Ins. Co.,* 508 F.2d 239, 248 (3d Cir.1975). The burden of proof is on the claimant to establish each element. *First Interregional,* 227 B.R. at 366; *In re Grocerland Coop.,* 32 B.R. 427, 435 (Bankr. N.D.Ill.1983). While the claimant need not prove the merits of his claim at this stage, he must provide more than bare allegations or conclusory statements to satisfy the requirements of Rule 23. *Morrison v. Booth,* 763 F.2d 1366, 1371 (11th Cir.1985).

#### 1. *Rule 23(a)*

Rule 23(a) states:

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). Thus, Rule 23(a) requires a showing of: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *See, e.g., Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 613, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997); *Johnston,* 265 F.3d at 183.

#### a. *Numerosity*

■ The requirement of numerosity does not require that joinder be impossible but instead dictates that joinder of all the parties is impracticable when the procedure would be "inefficient, costly, time-consuming, and probably confusing." *Ardrey v. Federal Kemper Ins. Co.,* 142 F.R.D. 105, 111 (E.D.Pa.1992). A court may make "common sense assumptions" in order to support the finding of numerosity. *Snider v. Upjohn Co.,* 115 F.R.D. 536, 539 (E.D.Pa.1987) (*quoting Wolgin v. Magic Marker Corp.,* 82 F.R.D. 168, 171 (E.D.Pa. 1979)).

Here, the class is comprised of 47 members. While it would not be impossible to adjudicate each claim separately, class certification offers the benefit of adjudicating common issues once. It thus avoids the cost and time inherent in 47 separate hearings on the same issues or the procedural burden of requiring joinder of these separate claims and objections. The numerosity requirement has been met in this case.

#### b. *Commonality*

■ Rule 23(a)(2) requires a showing of the existence of "questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). This "threshold of commonality

is not high." *In re School Asbestos Litig.*, 789 F.2d 996, 1010 (3d Cir.1986). All class members need not share identical claims; "factual differences among the claims of the putative class members do not defeat certification." *Baby Neal v. Casey*, 43 F.3d 48, 56 (3d Cir.1994). "The commonality requirement will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class." *Id.* at 56; *Krell v. Prudential Ins. Co. of Am. (In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions)*, 148 F.3d 283, 310 (3d Cir. 1998).

The Claimant asserts that the claims arise out of the same set of facts and are based on common legal theories. The Claimant asserts the following common questions of law and fact:

(a) Whether the class of claimants are beneficiaries and have rights against Debtors based on the Merger Agreement;

(b) Whether Debtors breached their obligations and duties to claimants under the Merger Agreement;

(c) What effect the Debtors' disaffirmance of the Merger Agreement, under the Second Amended Plan of Reorganization, has on the class of claimants;

(d) Whether the March 1998 Private Offering Memorandum made untrue statements of material fact and/or omitted to state material facts;

(e) Whether Debtors had a duty to disclose certain information about ICT Kaiser's operations in the March, 1998 Private Offering Memorandum;

(f) Whether Debtors acted knowingly or recklessly in making materially false and misleading statements to Claimant and the class members, or in failing to correct such statements upon learning that they were materially false and misleading;

(g) Whether the false or misleading statements in the Private Offering Memorandum violated the federal securities laws and constituted a breach of contract by Debtors;

(h) Whether the members of the Class have sustained damages and, if so, the proper measure of such damages.... [3]

(Claimant's Memorandum, pp. 12–13.) All these issues are common to all members of the class. This satisfies the threshold issue of whether the claims share common questions of law or fact.

#### c. *Typicality*

The typicality requirement of Rule 23(a)(3) and the adequacy of representation requirement in Rule 23(a)(4) are designed to assure that the interests of the unnamed class members will be adequately protected by the named class members. *See, e.g., General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n. 13, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982); *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 449 (3d Cir. 1977).

Rule 23(a)(3) requires that "the claims or defenses of the class representative parties be typical of the claims or defenses of the class." Fed.R.Civ.P. 23(a)(3). Typicality entails an inquiry into whether "the named plaintiff's individual circumstances are markedly different or ... the legal theory upon which the claims are based differs from that upon which the claims of other class members will perforce be based." *Weiss v. York Hosp.*, 745

---

**3.** The Claimant further raises another question as to whether the damages arising from a "fill up provision" within the Merger Agreement should be subordinated pursuant to § 510(b). However, we have already decided that these claims are subordinated pursuant to § 510(b). *See In re Kaiser Group Intern., Inc.*, 260 B.R. 684, 689 (Bankr.D.Del.2001).

F.2d 786, 810 (3d Cir.1984); *Eisenberg,* 766 F.2d at 786. "The typicality requirement is designed to align the interests of the class and the class representatives so that the latter will work to benefit the entire class through the pursuit of their own goals." *Prudential,* 148 F.3d at 311; *see also Baby Neal,* 43 F.3d at 57. Much like commonality, the typicality requirement does not mandate that all class members share identical claims. *See Baby Neal,* 43 F.3d at 56.

The Claimant asserts that his claim is typical of the claims of all the class members arising out of the Debtors' wrongful conduct in failing to disclose the true state of financial affairs at Kaiser in violation of federal law and breach of contract. The Claimant, like the rest of the class, asserts that he relied on the misrepresentations in a Private Offering Memorandum that caused the Spectrum shareholders to approve the Merger and was damaged as a result. We conclude that the claim of the Claimant is typical of the claims of the class members.

### d. *Adequacy of Representation*

▮ Rule 23(a)(4) requires that "the representative party will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). A class has adequate representation if (1) counsel for the named plaintiffs is qualified, experienced, and generally able to conduct the suit, and (2) the class representative's interests are not antagonistic to those of the unnamed members of the class. *See, e.g., Prudential,* 148 F.3d at 312; *Lewis v. Curtis,* 671 F.2d 779, 788 (3d Cir.1982); *First Interregional,* 227 B.R. at 368–69.

Counsel for the Claimant is experienced in litigating similar class action securities and bankruptcy cases and as such will promote the interests of the class representative. Additionally, the Claimant has no conflict of interest that would negate his representation of the entire class. The Claimant and class members have similar interests in establishing that the Debtors' conduct violated the provisions of the Merger Agreement. Therefore, we conclude that the Claimant will adequately represent the class.

### 2. *Rule 23(b)*

Once an action satisfies the prerequisites of Rule 23(a), the Claimant must establish it meets one of the three elements of Rule 23(b). In this case, the Claimant seek certification of the class claim under Rule 23(b)(3), which states:

An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

. . .

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed.R.Civ.P. 23(b)(3).

### a. *Questions of Law and Fact Predominate*

▮ The purpose of requiring common questions of law or fact to predominate is to ensure that the class is sufficiently cohesive to warrant adjudication by representation. *See Amchem,* 521 U.S. at

623, 117 S.Ct. 2231; *In re LifeUSA Holding Inc.*, 242 F.3d 136, 144 (3d Cir.2001). The predominance analysis under Rule 23(b)(3) is much more demanding than the general commonality test under Rule 23(a)(2). *See Amchem*, 521 U.S. at 624, 117 S.Ct. 2231; *LifeUSA Holding*, 242 F.3d at 144; *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir. 1997).

The Claimant asserts and we agree that the common questions of fact and law arising from the securities fraud claims predominate over the individual issues such as reliance. *See, e.g., Eisenberg,* 766 F.2d at 785; *Deutschman v. Beneficial Corp.*, 132 F.R.D. 359, 374 (D.Del.1990) (recognizing that courts in the Third Circuit have followed a policy of favoring class actions in securities fraud cases). Class actions are a particularly appropriate and desirable means to resolve claims based on the securities laws "since the effectiveness of the securities laws may depend in large measure on the application of the class action device." *Kahan v. Rosenstiel,* 424 F.2d 161, 169 (3d Cir.1970). Furthermore, to the extent that resolution of any individual issue is necessary for a finding of liability under the securities laws, we can conduct a separate inquiry. *See, e.g., Eisenberg,* 766 F.2d at 786 (more efficient to order separate trials to determine individual issue of reliance than to eliminate securities class action).

We conclude that any individual factual or legal issues that may arise will be secondary to the common questions concerning the Debtors' alleged course of conduct and its unlawfulness.

b. Class Action as Superior Method to *Resolve Controversy*

The second part of Rule 23(b) requires a finding that the "class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b). Within this requirement a court should consider "the difficulties likely to be encountered in the management of a class action." Fed. R.Civ.P. 23(b)(3)(D); *Johnston,* 265 F.3d at 194.

Here, the Claimant alleges that there is no better method to adjudicate the claims aside from a class action. We agree. First, the amount of damages to be recovered by each class member is relatively small, especially in light of the likely recovery for creditors under the confirmed bankruptcy plan and our Order subordinating their claims, thereby rendering prosecution of an individual claim cost-prohibitive. Second, the issues in this case arise from the same course of conduct and an adjudication of all the common issues once will promote judicial economy and efficiency.

## IV. *CONCLUSION*

We conclude that the Claimant has satisfied the requirements of Rule 23(a) and (b)(3) and we will certify the class to permit the filing of a class proof of claim.