**In re Noble Arnold CRAFT and Junell Elaine Craft, Debtors.**

**In re Mirant Corporation, et al., Debtors.**

**Bankruptcy Nos. 03–48703– DML–11, 03–46590.**

United States Bankruptcy Court, N.D. Texas, Fort Worth Division.

Jan. 26, 2005.

James T. McMillen, Richard Tomlinson, Corpus Christi, TX, Barry Himmelstein, Lieff, Cabraser, Heimann & Bernstein, LLP, San Francisco, CA, Frank J. Janecek, Jr., Christopher Collins, Lerach, Coughlin, Stoia, Geller, Rudman & Robbins LLP, San Diego, CA, Howard Marc Spector, Howard Marc Spector, P.C., Dallas, TX, for Claimants.

Raymond P. Boucher, Michael C. Eyerly, Kiesel, Boucher & Larson, LLP, Beverly Hills, CA, Michael J. Aguirre, Aguirre & Meyer, San Diego, CA, Amy Carter, Baron & Budd, Dallas, TX, for Claimant Cruz Bustamante.

Lynn Lincoln Sarko, Derek W. Loeser, Keller Rohrback, LLP, Seattle, WA, Gary A. Gotto, Keller Rohrback, LLP, Phoenix, AZ, Joseph H. Meltzer, Geral D. Wells, III, Schiffrin & Barroway, LLP, Bala Cynwyd, PA, for Claimants James Brown and Greg Waller, Sr.

Edith Stuart Phillips, Assistant Attorney General for State of Texas.

Weldon L. Moore, III, Creel & Moore, L.L.P., Dallas, TX, Thomas E. Lauria, Craig H. Averch, White & Case LLP, Miami, FL, Christopher Shore, White & Case LLP, New York, NY, Robin Phelan, Judith Elkin, Haynes and Boone, LLP, Dallas, TX, H. Douglas Hinson, Michael G. Monnolly, Alston & Bird LLP, Atlanta, GA, for the Debtors.

### Memorandum Opinion

DENNIS MICHAEL LYNN, Bankruptcy Judge.

The cases of the above-named debtors require that the court address issues surrounding the proof and allowance of class claims. Because the court arrives at a different conclusion respecting the claims filed in the *Mirant* case from those filed in the *Craft* case, consideration of the cases in one memorandum opinion offers an opportunity for the court to provide a more cohesive presentation of its views.[1]

## I. *Background*

### A. Noble Craft ("Craft")

Prior to filing for relief under chapter 11 of the United States Bankruptcy Code (the "Code")[2] on September 9, 2003, Craft was named as a defendant in a class action commenced by Wesley Henry, Cindy Howard and others similarly situated (the "Craft Plaintiffs") in the United States District Court for the Southern District of Texas. On September 19, 2000, that Court entered its order certifying the class (the "Craft Class"). Efforts to decertify the Craft Class were unsuccessful, and the class action continues to pend in the Southern District.

Lead attorney for the Craft Plaintiffs is James McMillen ("McMillen"). McMillen filed a proof of claim (the "Craft Claim") in Craft's chapter 11 case on January 13, 2004. On November 4, 2004, Craft objected to the Craft Claim. The court conducted a hearing on Craft's objection on December 22, 2004. At that time counsel presented argument to the court. Both sides also have filed written briefs.

The present status of Craft's chapter 11 case is that formulation of a plan is in process. Craft has been negotiating with the State of Texas to resolve a claim by the State on behalf of essentially the same constituency as that represented by the Craft Plaintiffs. It is the court's understanding that the members of the class represented by the Craft Plaintiffs are the principal constituency to be addressed in Craft's plan.

### B. Mirant Corp. and Affiliates ("Mirant")

Mirant filed for chapter 11 relief on July 14, 2003. Prior to commencement of these chapter 11 cases, Mirant was named as a defendant in class actions commenced by (i) Mary Davis and Oscar's Photo Lab ("Oscar's Case"); (ii) Cruz Bustamente (the "Bustamente Case"); and (iii) James

---

1. This court has core jurisdiction over these contested matters pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(B). This memorandum opinion incorporates the court's findings and conclusions. FED. R. BANKR. P. 9014 and 7052.

2. 11 U.S.C. §§ 101–1330.

Brown and Greg Waller (the "Brown Case," and, together with Oscar's Case and the Bustamente Case, the "Mirant Cases"). The Mirant Cases assert claims arising out of power sales on the West Coast of the United States in 1999 and subsequent years. Mirant and numerous other defendants in the Mirant Cases are subject to other proceedings, brought on similar bases by regulators and government representatives in various courts and before the Federal Energy Regulatory Commission ("FERC").

None of the Mirant Cases has been certified as a class action pursuant to F.R. CIV. P. 23 (Cf. FED. R. BANKR.P.7023). The named plaintiffs in each of the Mirant Cases timely filed claims on behalf of themselves and other members of the class they purport to represent. Mirant, in turn filed motions to strike each claim as to the class representation.

The first of Mirant's motions, addressed to the claim filed on behalf of the plaintiffs in Oscar's Case, came on for hearing on December 1, 2004. The parties had provided authorities to the court and argued at that time. Following argument, the court announced on the record that it would grant Mirant's request to strike the claim (as to the class aspects) filed on behalf of the Oscar's Case plaintiffs. Subsequently the plaintiffs in the other Mirant Cases accepted the court's ruling respecting the Oscar's Case plaintiffs as applicable with respect to their claims.

Mirant, at this writing, is negotiating with various parties in an effort to formulate a plan or plans of reorganization.[3] In aid of that effort, the court has set a stringent schedule for trying claim objections. The court expects to devote most of seven weeks beginning January 18, 2005,

to trying claim objections in Mirant's chapter 11 case.

## II. *Discussion*

■ In considering whether, and in which circumstances, class proofs of claim are permissible, the court has carefully studied two opinions authored by Hon. Harold C. Abramson during his service as bankruptcy judge in this District. *See In re FirstPlus Fin., Inc.,* 248 B.R. 60 (Bankr.N.D.Tex.2000); *In re Great W. Cities, Inc. of New Mexico,* 88 B.R. 109 (Bankr.N.D.Tex.1988), *rev'd on other grounds,* 107 B.R. 116 (N.D.Tex.1989). Judge Abramson declined in these two cases to permit class claims largely because of the inability of class representatives to meet the requirements of FED. R. BANKR. P. 3001(b) and 2019(a).

Rule 3001(b) states:

A proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005.

Rule 2019(a) is a disclosure rule and states:

Representation of Creditors and Equity Security Holders in Chapter 9 Municipality and Chapter 11 Reorganization Cases.

(a) DATA REQUIRED. In a chapter 9 municipality or chapter 11 reorganization case, except with respect to a committee appointed pursuant to § 1102 or 1114 of the Code, every entity or committee representing more than one creditor or equity security holder and, unless otherwise directed by the court, every indenture trustee, shall file a verified statement setting forth (1) the name and address of the creditor or equity security holder; (2) the nature and amount of the claim or interest and

---

3. Mirant filed a plan on January 18, 2005.

the time of acquisition thereof unless it is alleged to have been acquired more than one year prior to the filing of the petition; (3) a recital of the pertinent facts and circumstances in connection with the employment of the entity or indenture trustee, and, in the case of a committee, the name or names of the entity or entities at whose instance, directly or indirectly, the employment was arranged or the committee was organized or agreed to act; and (4) with reference to the time of the employment of the entity, the organization or formation of the committee, or the appearance in the case of any indenture trustee, the amounts of claims or interests owned by the entity, the members of the committee or the indenture trustee, the times when acquired, the amounts paid therefor, and any sales or other disposition thereof. The statement shall include a copy of the instrument, if any, whereby the entity, committee, or indenture trustee is empowered to act on behalf of creditors or equity security holders. A supplemental statement shall be filed promptly, setting forth any material changes in the facts contained in the statement filed pursuant to this subdivision.

Some courts, including the *FirstPlus* court, have had trouble accepting class representatives as "agents," there being no consent by the class of principals to any agency. *See Sheftelman v. Standard Met-als Corp. (In re Standard Metals Corp.)*, 817 F.2d 625, 631 (10th Cir.1987) *vacated and rev'd on other grounds*, 839 F.2d 1383 (10th Cir.1987) *cert. dismissed*, 488 U.S. 881, 109 S.Ct. 201, 102 L.Ed.2d 171 (1988); *FirstPlus*, 248 B.R. at 69; *Great W.*, 88 B.R. at 112; *In re Allegheny Int'l, Inc.*, 94 B.R. 877, 880 (Bankr.W.D.Pa.1988); *In re Elec. Theatre Rests. Corp.*, 57 B.R. 147, 148 (Bankr.N.D.Ohio 1986). *FirstPlus* and others have also found the idea of a "class" to be incompatible as a practical matter with the nature and extent of the information required by Rule 2019(a). *See FirstPlus*, 248 B.R. at 68; *Great W.*, 88 B.R. at 112; *Allegheny Int'l*, 94 B.R. at 880; *Elec. Theatre*, 57 B.R. at 148–49.

## A. Case Law

Nevertheless, courts declining to permit class proofs of claim are recognized as being in the minority. *FirstPlus*, 248 B.R. at 67; *In re Spring Ford Indus., Inc.*, No. 02–15015DWS, 2004 WL 231010, *2 (Bankr.E.D.Pa. Jan.20, 2004); *In re Kaiser Group Int'l, Inc.*, 278 B.R. 58, 62 (Bankr.D.Del.2002); 10 COLLIER ON BANKRUPTCY ¶ 7023.01 (15th ed. rev.2004); 2 NORTON BANKRUPTCY LAW AND PRACTICE 2d § 41:2.

Indeed only one court of appeals that has addressed the issue, the Tenth Circuit, has concluded class claims are impermissible.[4] Several courts of appeal and numerous lower courts have held that class representatives might file claims on behalf of their classes.[5]

---

**4.** *Standard Metals*, 817 F.2d at 630. The tangled procedural history of Standard Metals has been cited by several courts for treating the original panel opinion as *dicta*. The Tenth Circuit, however, again indicated its disapproval of class claims in *Unioil v. El-ledge (In re Unioil, Inc.)*, 962 F.2d 988, 991–92 (10th Cir.1992).

**5.** *See Birting Fisheries, Inc. v. Lane (In re Birting Fisheries, Inc.)*, 92 F.3d 939, 939 (9th Cir.1996) ("[W]e conclude that the bankruptcy code should be construed to allow class claims."); *Reid v. White Motor Corp.*, 886 F.2d 1462, 1469 (6th Cir.1989) (stating that while conflict exists in caselaw regarding permissibility of class claims, the decision of the *American Reserve* court (see below), which approved of class claims, is the most equitable

Arguments in favor of allowing class claims include that, were class claims not permitted, there would be no use for Rule 7023 [6] in contested matters and so no reason to include Rule 7023 as potentially applicable in matters governed by Rule 9014.[7] *See Reid*, 886 F.2d at 1470 (stating that if a class representative could not file a class proof of claim, Rule 7023, which explicitly permits class actions in adversary proceedings and may be applied to contested matters under Rule 9014, would be eviscerated); *American Reserve*, 840 F.2d at 493 ("If § 501 prevents the class

representative from prosecuting the claim on behalf of anyone who failed to file a proof-of-claim form ... then there will never be a *Rule 23* class action ... yet Bankruptcy Rule 7023 says that there are to be Rule 23 class actions in bankruptcy.") (emphasis in original); *Chateaugay*, 104 B.R. at 630 ("The *American Reserve* decision also emphasized that Rule 7023 would be meaningless if § 501 was deemed to bar class proofs of claim."); *Zenith*, 104 B.R. at 663 (stating that Rule 9014 permits the application of Rule 7023 to contested matters, and "[t]o disallow a class proof of

resolution of the issue); *Certified Class in Charter Sec. Litig. v. Charter Co. (In re Charter Co.)*, 876 F.2d 866, 876 (11th Cir.1989) (holding that a proof of claim filed on behalf of a class of claimants is valid); *In re Am. Reserve Corp.*, 840 F.2d 487, 493 (7th Cir.1988) (holding that class proofs of claim may be filed in bankruptcy); *Trebol Motors Distrib. Corp. v. Bonilla (In re Trebol Motors Distrib. Corp.)*, 220 B.R. 500, 502 (1st Cir. BAP 1998) (affirming bankruptcy court decision to allow filing of a single class proof of claim by class which was certified prior to debtor's bankruptcy filing); *Jones v. Amdura Corp. (In re Amdura Corp.)*, 170 B.R. 445, 450 (D.Colo.1994) (class claims may be filed in bankruptcy); *Wilson v. Valley Elec. Membership Corp.*, 141 B.R. 309, 311 (E.D.La.1992) (adopting the analysis of the *American Reserve* court); *Iles v. LTV Aerospace and Def. Co. (In re Chateaugay Corp.)*, 104 B.R. 626, 634 (S.D.N.Y.1989) ("I conclude that filing of a proof of claim on behalf of a class is permissible under the Bankruptcy Code ...."); *Zenith Labs., Inc. v. Sinay (In re Zenith Labs., Inc.)*, 104 B.R. 659, 664 (D.N.J. 1989) ("[C]lass proofs of claims should be permitted ... when the bankruptcy judge has exercised ... discretion under Bankruptcy Rule 9014 to apply Fed.R.Civ.P. 23 to a contested matter."); *Spring Ford*, No. 02–15015DWS, 2004 WL 231010 at *10 (certifying class claim); *Kaiser Group*, 278 B.R. at 62 ("Whether to certify a class claim is within the discretion of the bankruptcy court."); *In re Keck, Mahin & Cate*, 237 B.R. 430, 434 (Bankr.N.D.Ill.1999) ("It is well accepted that class proof of claims are permitted in bankruptcy."); *In re First Interregional Equity Corp.*, 227 B.R. 358, 371 (Bankr.D.N.J.1998) (granting motion to file class proof of claim);

*In re Woodward & Lothrop Holdings, Inc.*, 205 B.R. 365, 369 (Bankr.S.D.N.Y.1997) (recognizing that class proofs of claim may be filed under certain circumstances); *In re Sacred Heart Hosp. of Norristown*, 177 B.R. 16, 22 (Bankr.E.D.Pa.1995) ("[T]he class proof of claim device may be utilized in appropriate contexts ...."); *In re Wang Labs., Inc.*, 164 B.R. 401, 403 (Bankr.D.Mass.1994) ("To then hold that a claim in favor of a class could be established in an adversary proceeding but no claim could be filed on behalf of that class would make no sense."); *In re Ret. Builders, Inc.*, 96 B.R. 390, 392 (Bankr.S.D.Fla.1988) ("In a case such as this, it is appropriate to allow the filing of a class action proof of claim by the class representative.").

6. FED. R. BANKR. P. 7023 makes FED R. CIV. P. 23, governing class actions, available for use in adversary proceedings in bankruptcy court.

7. Rule 9014 makes certain of the Part VII (adversary) rules applicable in contested matters. It provides that the court may "in a particular matter direct that one or more of the other rules in Part VII shall apply." The general nature of this statement, however, does not suggest that the drafters of the rule specifically had in mind the use of Rule 7023 in contested matters. Moreover, even if the failure to except Rule 7023 from rules the court might make applicable in contested matters is significant, the court is not persuaded that uses of the class device other than for proofs of claim could not be found and so does not find persuasive an argument based on what purposes Rule 7023 might serve in contested matters.

claim would effectively prohibit the use of class actions in bankruptcy altogether").

Other courts opine that the definitions of "claim" and "creditor" are broad enough to allow filing of a class claim by class representatives. *See Charter*, 876 F.2d at 870 (stating that Congress intended to significantly broaden the definition of "claim" in the Code and that to prohibit class claims would contradict the goals of the bankruptcy statutory scheme); *Amdura*, 170 B.R. at 449–50 (Stating that the 1978 Code expanded the definition of "claim" and that to "exclude[ ] from the definition of 'claim,' the right to payment of a putative class" would be "inconsistent with such broad goals"); *Chateaugay*, 104 B.R. at 632 ("Permitting the filing of an unliquidated class action claim is certainly consistent with this new broader definition of 'claim.' "); *Zenith*, 104 B.R. at 663–64 (stating that the revision of the definition of "claim" in 1978 was "clearly an effort by Congress to expand participation in bankruptcy proceedings" and that to interpret Code section 501 to prohibit class claims would frustrate this goal). Some of these courts take the position, in fact, that the requirements of Rule 2019(a) are retroactively satisfied by a court's decision to certify a class in a bankruptcy proceeding, or that, given the nature of class actions, class representatives should not be required to comply with Rule 2019(a) at all. *See American Reserve*, 840 F.2d at 493 n. 6 (stating that Rule 2019, which requires an agent to explain the circumstances of its agency,[8] is satisfied as to a class representative by a bankruptcy court's certification of a class); *Trebol*, 220 B.R. at 503 ("As we have held that a previously certified class is a single claimant, compliance with Fed. R. Bankr.P.2019 was unneces-

sary."); *Valley Electric*, 141 B.R. at 314–15 (stating that compliance with Rule 2019 in the context of a class action is impractical); *Spring Ford*, No. 02–15015DWS, 2004 WL 231010 at *4 ("I find that Rule 2019 is inapplicable to the Claimants, who lack the information needed to comply with it. Moreover, to the extent that Rule 2019's requirements have any applicability . . . the rule's requirement will be satisfied *nunc pro tunc* by court certification of the class . . . .") (citations omitted).

## B. Analysis of Code and Rules

### 1. Class Proofs of Claim in General

The court believes class proofs of claim are consistent with the Code and the Rules and concludes that class proofs of claim are a necessary device to ensure that the relief afforded by the Code is as complete as possible. Denying the ability to present claims by a class may be detrimental to the debtor. The problem of notice to class members may complicate a debtor's effort to resolve all its debts.

Reliance on published notice to reach a class of claimants may not be adequate. It will not always reach every class member such that the rules of due process are satisfied. Even in cases such as Craft's where the class is apparently clearly identifiable, actual notice may prove insufficient. Craft admits about half the notices of bankruptcy sent to members of the Craft Class were returned as undeliverable. If a class claim is not allowed, class members without notice will have non-dischargeable claims. *Bonner v. Adams, (In re Adams)*, 734 F.2d 1094, 1098 (5th Cir. 1984); *Spring Valley Farms, Inc. v. Crow (In re Spring Valley Farms, Inc.)*, 863 F.2d 832, 835 (11th Cir.1989); *Reliable*

---

**8.** The *American Reserve* Court's characterization of Rule 2019 is not supported by the language of the rule, which refers to commit-

tee and other representations, not a relationship of principal and agent. *Cf.* Fed. R. Bankr. P. 9010(c).

*Elec. Co., Inc. v. Olson Constr. Co.,* 726 F.2d 620, 623 (10th Cir.1984). While allowing a class claim may not wholly eliminate that exposure, it may foreclose the option of unnoticed members of a putative class commencing their own class action post-discharge.[9] The other side of this coin is that class claims foster broader creditor participation in distributions and equal treatment of class members. Thus allowing class proofs of claim improves a debtor's fresh start and fosters equality of treatment of creditors, both major goals of Congress.[10] A bankruptcy court should be absolutely convinced of a Congressional command to do so before it prohibits use of a device, here class claims, that is helpful in advancing two recognized goals served by the Code.

An examination of the Code and the Rules not only shows that they are not antagonistic to class claims. Rather the applicable provisions may easily be read as fully consistent with class claims.

To begin with, Congress used the broadest possible language in defining a claim. Section 101(5)(A) states:

"claim" means—

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured . . . .

A "creditor" is defined, *inter alia,* as an "entity that has a claim against the debtor . . . ." Code § 101(10). Congress thus meant to reach as many claimants as possible for both discharge purposes and participation in the estate. *Solow Bldg. Co., LLC v. ATC Assocs. Inc.,* 175 F.Supp.2d 465, 470 (E.D.N.Y.2001) ("Congress intended to give a broad definition to the term 'claim' and 'contemplated that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case.'") (quoting *In re Chateaugay Corp.,* 944 F.2d 997, 1003 (2d Cir.1991)); *Knutson v. Tredinnick (In re Tredinnick),* 264 B.R. 573, 575 (9th Cir. BAP 2001) (noting that by broadly defining the term "claim," Congress intended for all obligations of a debtor to be dealt with in a bankruptcy case).

---

9. The issue of discharge or the availability of the class action device to discharge claims of unnoticed creditors is not before the court, and the court's comments are intended only to show potential benefits to a debtor from permitting class claims.

10. *See Stellwagen v. Clum,* 245 U.S. 605, 617, 38 S.Ct. 215, 62 L.Ed. 507 (1918) ("The federal system of bankruptcy is designed not only to distribute the property of the debtor . . . fairly and equally among his creditors, but as a main purpose of the act, intends to aid the unfortunate debtor by giving him a fresh start in life . . . ."); *State Bank & Trust, N.A. v. Dunlap (In re Dunlap),* 217 F.3d 311, 315 (5th Cir.2000) ("The strict time limitation placed upon creditors who wish to object to a debt's dischargeability reflects the Bankruptcy Code's goal of providing debtors with a fresh start."); *Hunt v. Bankers Trust Co.,* 799 F.2d 1060, 1069 (5th Cir.1986) ("The purpose of the automatic stay is to protect creditors in a manner consistent with the bankruptcy goal of equal treatment."); *Stoltz v. Brattleboro Hous. Auth. (In re Stoltz),* 315 F.3d 80, 94 (2d Cir.2002) ("Congress made it a central purpose of the bankruptcy code to give debtors a fresh start in life and a clear field for future effort unburdened by the existence of old debts.") (quoting *In re Bogdanovich,* 292 F.3d 104, 107 (2d Cir.2002)); *Westinghouse Credit Corp. v. D'Urso,* 278 F.3d 138, 147 (2d Cir. 2002) (noting strong policy of Code favoring equal treatment of creditors); *Precision Walls, Inc. v. Crampton,* 196 B.R. 299, 302 (E.D.N.C. 1996) ("One of the primary purposes of the Bankruptcy Code is the equal treatment of all creditors of a particular debtor."); *Illinois v. Lakeside Cmty. Hosp., Inc. (In re Lakeside Cmty. Hosp., Inc.),* 151 B.R. 887, 893 (N.D.Ill. 1993) ("Congress designed the Bankruptcy Code to provide for equal and consistent treatment among similarly situated creditors.").

It is perhaps noteworthy that the definition of creditor is an "entity that *has* a claim."[11] Congress might have used the verb "owns" or "holds" but did not.[12] Thus, a creditor is one possessing a right to payment—or, with minimal extension, one with the right to collect a debt (a debt being "liability on a claim;" Code § 101(12)). If a class action results in a money judgment, unless the class action court establishes a different procedure, the class representatives will "have" the judgment and so will be the "creditors" who have the right to collect the debt. They could do so outside of bankruptcy; they should be no less able to collect in bankruptcy. *See, e.g. Trebol,* 220 B.R. at 502 (where District Court entered judgment in favor of class plaintiffs (although a few days after debtor's filing for bankruptcy), class proof of claim filed by attorney for class representative on behalf of class was allowed because "[s]ince the class is the holder of the claim, it follows that a single proof of claim will suffice"); *In re Livaditis,* 122 B.R. 330, 339 n. 6 (Bankr.N.D.Ill. 1990) (discussing, generally, the mechanics of distribution on the class proof of claim (based on a judgment granted in favor of class plaintiffs in District Court prior to debtor's bankruptcy filing) which the court held the class representatives would be allowed to file in the bankruptcy case).

Indeed, class representatives are properly characterized as fiduciaries. *See Martens v. Thomann,* 273 F.3d 159, 173 (2d Cir.2001) ("[A]s class representatives, the moving plaintiffs have fiduciary duties towards the other members of the class."); *Kirkpatrick v. J.C. Bradford & Co.,* 827 F.2d 718, 726 (11th Cir.1987) (plaintiffs might not qualify as class representatives if they do not possess integrity necessary to carry out fiduciary role as class representatives); *Cobell v. Norton,* 213 F.R.D. 43, 46 (D.D.C.2003) (stating that a class representative assumes a court imposed fiduciary role upon moving for certification of a class); 5 MOORE'S FEDERAL PRACTICE § 23.25[2][a] (3d ed. rev.2004) ("The class representative acts as a fiduciary for the entire class."). It is common for fiduciaries to file claims on behalf of their beneficiaries. *See Fezler v. Davis (In re Davis),* 194 F.3d 570, 575 (5th Cir.1999) (holding that plaintiff, administratrix of decedent's estate, had standing to pursue nondischargeability complaint against debtor on behalf of other beneficiaries based on claim arising under the Texas Wrongful Death statute); *Klenda v. Hogue (In re Hogue),* 221 B.R. 786 (Bankr.N.D.Okla. 1998) (finding in favor of plaintiff, guardian for an elderly woman, on complaint objecting to dischargeability of debt owed by debtor to ward); *In re Federated Dep't Stores, Inc.,* No. 1–90–00130, 1990 Bankr.LEXIS 462 (Bankr.S.D.Ohio March 9, 1990) (granting relief from automatic stay requested by guardian ad litem of comatose auto accident victim to liquidate personal injury claim of victim against debtor in state court). If class representatives, fiduciaries selected by a court, are

---

11. "Have" is not defined in the Code nor is it assigned a special legal meaning by Black's Law Dictionary (Black's Law Dictionary, 8th ed.1999). "Have" is defined by the Oxford English Dictionary, available at *http://dictionary.oed.com,* as "having, possession." "Have" is defined by Dictionary.com, available at *http://dictionary.reference.com,* as "to be in possession of."

12. Examples of parallel versus different language in other parts of the statute are too sparse for the court to consider use of the verb "to have" persuasive other than to demonstrate that the Code can be read to include certified class representatives as being creditors acting for the claim of the entire class. However, in other contexts where it meant to indicate more than possession, Congress did use the term "own" as opposed to "have." *See, e.g.,* Code §§ 101(2).

able to enforce a class judgment, it is only logical to conclude that a class representative, appointed by a U.S. District Court to serve as such for a certified class, may as well file an unliquidated claim based on an unadjudicated suit.

### 2. Rule 2019

The court is not convinced that class representatives must comply with Rule 2019. Rule 2019 clearly contemplates disclosure by entities active in a chapter 9 or chapter 11 case—not necessarily disclosure by a claimant of its authority to enforce, by filing a proof of claim, a right to payment. The antecedents of Rule 2019, sections 211–213 of the former bankruptcy act (see Advisory Committee Note to Rule 2019), clearly deal with the ability of an entity to participate in all phases of a chapter X case.[13] That Rule 9010 makes provision for disclosure of authority by an agent in circumstances *other than* mere filing of a claim also suggests Rule 2019 was not intended to monitor claim filings.

The word "claim" is used only once in Rule 2019, in subsection (b)(2), and that part of the rule simply authorizes the court to "examine ... any claim or interest acquired by any entity ... in contemplation or in the course of a case under the Code and grant appropriate relief." Arguably, a class claim would not even fit within the final "acquired by" clause.

■ Most courts, however, have required compliance by class representatives with Rule 2019. As this court considers disclosure by class representatives of authority to represent to be beneficial, the

---

**13.** Sections 211–213 of the Bankruptcy Act of 1898 provide:

Sec. 211. Every person or committee, representing more than twelve creditors or stockholders, and every indenture trustee, who appears in the proceeding shall file with the court a statement, under oath, which shall include—

(1) a copy of the instrument, if any, whereby such person, committee, or indenture trustee is empowered to act on behalf of creditors or stockholders;

(2) a recital of the pertinent facts and circumstances in connection with the employment of such person or indenture trustee, and, in the case of a committee, the name or names of the person or persons at whose instance, directly or indirectly, such employment was arranged or the committee was organized or formed or agreed to act;

(3) with reference to the time of the employment of such person, or the organization or formation of such committee, or the appearance in the proceeding of any indenture trustee, a showing of the amounts of claims or stock owned by such person, the members of such committee or such indenture trustee, the times when acquired, the amounts paid therefore, and any sales or other disposition thereof; and

(4) a showing of the claims or stock represented by such person or committee and the respective amounts thereof, with an averment that each holder of such claims or stock acquired them at least one year before the filing of the petition or with a showing of the times of acquisition thereof.

Sec. 212. The judge may examine and disregard any provision of a deposit agreement, proxy, power or warrant of attorney, trust mortgage, trust indenture, or deed of trust, or committee or other authorization, by the terms of which an agent, attorney, indenture trustee, or committee purports to represent any creditor or stockholder, may enforce an accounting thereunder, may restrain the exercise of any power which he finds to be unfair or not consistent with public policy and may limit any claim or stock acquired by such person or committee in contemplation or in the course of the proceeding under this chapter to the actual consideration paid therefore.

Sec. 213. Without limiting the powers of the judge under section 212 of this Act, an agent, indenture trustee, or committee, purporting to represent creditors or stockholders, shall not be heard or allowed to intervene in a proceeding under this chapter until such person or persons shall have satisfied the court that they have complied with all applicable laws regulating the activities and personnel of such persons.

court will follow these decisions. On the other hand, the court agrees with the Seventh Circuit Court of Appeals that a court decision certifying a class, in and of itself, satisfies the requirements of Rule 2019. *See American Reserve,* 840 F.2d at 493 n. 6.

### 3. Rule 7023; Uncertified Class

■ If a class is certified and its representation established prepetition, the preceding analysis is sufficient.[14] But if the class is not yet certified or the class representatives approved, the court faces different issues in deciding whether to recognize a claim filed on behalf of a putative class by a putative class representative. The Mirant Cases fall into this category.

In those cases in which a Rule 23 determination is not made timely in another court, the bankruptcy court must, first, decide whether Rule 7023 should be invoked to permit the court, second, to decide whether or not, under Rule 7023, a class should be certified and whether the putative representatives are appropriate to act as fiduciaries for their class.

In the cases at bar, the court need not reach the second issue. In determining whether or not to make Rule 7023 applicable, the court may exercise its sound discretion. *See Reid,* 886 F.2d at 1470 ("Rule 9014 delegates wide discretion to the bankruptcy judge in considering certification of class proofs of claim pursuant to Rule 7023 in a contested matter."); *Charter,* 876 F.2d at 873 ("[U]nder Bankruptcy Rule 9014, the bankruptcy judge may at his discretion apply Bankruptcy Rule 7023 ... in a contested matter."); *Kaiser,* 278 B.R. at 62 ("Rule 9014 expands [the application of Rule 7023] to contested matters, at the court's discretion."); *Amdura,* 170 B.R. at 449 (Rule 9014 allows the bankruptcy court to exercise its discretion and invoke Rule 7023); *Chateaugay,* 104 B.R. at 634 ("Proofs of claim filed on behalf of a class may be filed as of right and ... the bankruptcy court must exercise its discretion ... to apply or not apply Rule 7023 ....").

The judicial gloss on when the court should—or should not—exercise its discretion is of little help. Those courts that would equate the determination of a class under Rule 7023 with the determination of whether to apply Rule 7023[15] do not rec-

---

**14.** Some courts have indicated that, even with a certified class, the bankruptcy court may decline to permit the claim by refusing to make Rule 7023 applicable and may conduct its own Rule 23 determinations. *See, e.g. Reid,* 886 F.2d at 1470–71 (affirming bankruptcy court's denial of class proof of claim filed by attorney, despite attorney being authorized to represent class and having obtained certification of class in District Court prior to bankruptcy, because attorney, *inter alia,* failed to timely petition bankruptcy court to apply Rule 7023); *Zenith,* 104 B.R. at 664 ("Clearly, there are compelling reasons for certifying the shareholder class as I concluded when I certified the class [prior to bankruptcy]. However, there may be other factors in the bankruptcy proceeding that make class certification there less compelling and ... a different result might be appropriate."). Absent extraordinary circumstances, this court will accept a prior judicial determination of

Rule 23 issues. The court also does not see the need to first make Rule 23 applicable simply to allow filing of a claim by fiduciary class representatives already named by a certifying class action court.

**15.** *See Kaiser,* 278 B.R. at 67 (certifying class to allow filing of a class claim based on claimant's satisfaction of Rule 23 requirements without addressing factors relevant to determination of whether application of Rule 7023 would be appropriate); *First Interregional,* 227 B.R. at 366 ("When considering to grant a motion for class certification, the role of the court is to expeditiously determine whether the Rule 23 requirements for class certification have been met."); *See also Livaditis,* 122 B.R. at 335 (giving preclusive effect to prior court decision certifying class and thus certifying class in bankruptcy proceeding without consideration of whether application of Rule

**199**

ognize the concerns peculiar to bankruptcy law—which are the appropriate bases for exercise of discretion under Rule 9014. These concerns properly include, to a greater or lesser degree, prejudice to the debtor or its other creditors, prejudice to putative class members, efficient estate administration, the conduct in the bankruptcy case of the putative class representatives, and the status of proceedings in other courts.

In the Mirant Cases these factors favor denial of a request to make Rule 7023 applicable to allow a certification and representation analysis. Mirant's chapter 11 cases are at a critical juncture. It would prejudice Mirant and its creditors to delay the plan process and claim objection process to conduct a Rule 7023 hearing. As to Mirant's discharge, it appears unlikely that members of the classes involved in the Mirant Cases will pursue Mirant. Their claims are small, Mirant's chapter 11 case has been well-publicized, and Mirant is willing to rely on that publicity and its published notice to bar later claims by class members.

As to prejudice to the class members, their claims are being pursued not only in the Mirant Cases but also by various arms of local and state governments and FERC. Interests of class members will be protected by these governmental units. Moreover, the Mirant Cases include numerous defendants. It does not make sense for this court to determine Rule 23 issues in Mirant's chapter 11 case when, if adverse to plaintiffs, those determinations could bind plaintiffs with respect to other defendants.

The putative class representatives in the Mirant Cases have also waited too long to seek invocation of Rule 7023. Though some courts have held that a claim

7023 would be appropriate in the first instance).

must be objected to create a contested matter in which to invoke Rule 7023 (*see, e.g. Woodward & Lothrop*, 205 B.R. at 369–70), it is the view of this court that it is the burden of the class representatives to raise the issue of class certification.

### III. *Conclusion*

For the reasons stated above, Mirant's motions to strike are granted. As to Craft, the Craft Class is already certified, and the objection to the Craft Claim must therefore be overruled. Counsel to Mirant and McMillen are directed to prepare and submit orders consistent with this opinion.